A. J. McLouth et al. v. Isaac S. Hurt et al.

1. REGISTRATION AS NOTICE.—Registration is constructive notice only of what appears on the face of the deed as registered.
2. BONA-FIDE PURCHASER.— Against a *bona-fide* purchaser, a mortgage will not be corrected in its description so as to include lands intended to be mortgaged.

APPEAL from Galveston. Tried below before the Hon. William H. Stewart.

November 27, 1877, McLouth and Erhard brought suit in the District Court of Galveston county to enforce the collection of six promissory notes, of date July 23, 1874, each for $750, made by C. F. White, in payment for the southeast quarter of the northeast quarter of out-lot number 67 of the city of Galveston.

It was alleged that the notes had been assigned to plaintiffs, and were secured by a mortgage upon the lot for which they were given, executed by the maker of the notes at their date, but, by mistake, the mortgage on its face was for " the southeast quarter of said out-lot number 67 "; that, by a clerical error, the mortgaged property was misdescribed. Decree was asked reforming the mortgage according to the intent of the parties thereto, and for foreclosure of the lien upon the lot, &c.

It was further alleged that White, on 18th of September, 1874, had conveyed the lot to John H. Hurt, trustee, to secure a loan of $2,000 made by Isaac S. Hurt to White,

with interest at thirty per cent. per annum, and that said conveyance was made by White to defraud his creditors. Other conveyances were alleged as made by White.

All interested were made parties. Isaac S. Hurt claimed the property by purchase at trust sale made by John H. Hurt, without notice of the claim asserted by plaintiffs.

It was in evidence that the vendors of the premises conveyed to White, received the notes, correctly describing the property, and the deed of trust or mortgage to Seiffert, which omitted the words "of the northeast quarter," or block, without discovering the error in the latter; that this deed of trust was executed July 28, 1874, and filed and indexed by the authorized officer having custody of the records of said county, July 30, 1874, the index showing the date and character of the instrument, the name of the parties, but no description of the property conveyed; that the out-lots of the city of Galveston are described and treated in conveyancing as divisible into four distinct quarters, ( as, northeast, southeast, northwest, southwest,) and that said out-lot 67 was so divided, but that the means of tracing a title is through the indexes of names, and that there are no indexes of lots and blocks; that the property embraced in White's trust deed to Seiffert was never owned by White, but at that date contained four residences and costly improvements belonging to other parties; that appellees' attorney, E. T. Austin, Esq., in the investigation of said title, sought the record of mortgages and deeds, "and examined no other record or source of information than the record above referred to, and did not notice the mortgage of property in said out-lot 67, made contemporaneously with the deed of said vendors to White, to secure a like amount of money shown in the consideration of said deed." Appellees testified that they had no knowledge at the time of their loan that the purchase-money claimed by appellants had not been paid.

Judgment was rendered giving priority to Hurt out of the

proceeds of sale of the property, over the lien of the plaintiffs below. The plaintiffs appealed.

*Arthur W. Andrews,* for appellants.

I. "Whatever puts a party upon inquiry, amounts in judgment of law to notice, provided the inquiry becomes a duty, as in the case of purchasers and creditors, and would lead to the knowledge of the requisite fact by the exercise of ordinary diligence and understanding." (4 Kent's Comm., 179.)

He is not an innocent purchaser "who has notice of such facts as would lead to the discovery of the truth upon proper inquiry, and who stops short in his inquiry of that point to which a prudent man under the circumstances would go." (Bacon *v.* O'Connor, 25 Tex., 213.)

"Where a man has notice, whether by recital, description of parties, or otherwise, of an instrument which, from its nature, must form directly or presumptively a link in the title, or is told at the time that it does so, he will be presumed to have examined it, and therefore to have notice of all instruments or facts to which an examination would have led him." (Kerr on Fraud and Mis., pp. 240, 237; Hill. on Mort., 668–672; 2 Sugden on Vend., 329; 15 N. Y., 362; Hawley *v.* Cramer, 4 Cow., (N. Y.,) 717.)

"Although the party whose interest would prompt him to misrepresent asserts that an incumbrance has been paid off or discharged, without furnishing any proof whatever, or referring to any circumstances in supporting his assertion, the purchaser who fails to make further inquiry will nevertheless be guilty of such a degree of negligence that he will be considered as having notice." (Hinde *v.* Vattier, 1 McL., 110.)

II. When notice is specially charged in proceedings to establish a lien for unpaid purchase-money as against subsequent incumbrances, the burden of proof is upon the defendant to show that he had no notice, actual or constructive, of the lien claimed by plaintiff, or that the vendor agreed to

waive his lien, and a receipt for the purchase-money indorsed upon the conveyance is not sufficient to repel the presumption of the existence of such lien. (Eborn *v.* Cannon, 32 Tex., 245; Harrison *v.* Boring, 44 Tex., 263; Boone *v.* Chiles, 10 Pet., 177; Gilman *v.* Brown, 1 Mason, 217; 2 Sugden on Vend., sec. 318; Story on Agency, 451.)

III. The court erred in deciding that the deed of trust shown in the defendant Hurt's pleadings invested the trustee named therein with a better title to said land than, at the date of the execution thereof, existed in the defendant C. F. White, the maker thereof.

"A mortgage is personal estate. The mortgagee has a mere lien or pledge." (Hill. on Mort., 215.)

IV. On the trial a lien was established in favor of plaintiffs, and in favor of defendant Isaac S. Hurt, against the land in controversy, for the sums adjudged to them respectively in said suit; the lien of plaintiffs for unpaid purchase-money, and the lien of defendant Hurt by virtue of said deed of trust executed to secure money loaned to the said vendor, C. F. White. The court erred in adjudging priority to the lien of said Hurt over the lien of plaintiffs for purchase-money, and refusing to reform, establish, and enforce the conditions of the deed of trust held by plaintiffs, as prayed for in their pleadings.

The vendor's lien for unpaid purchase-money attaches to the land, even without any special agreement for that purpose, from the moment of sale. (Briscoe *v.* Bronaugh, 1 Tex., 330; Dunlap *v.* Wright, 11 Tex., 604; 4 Kent's Comm., 152.)

V. Among common creditors, he who has the oldest lien has the preference.

Appellants having first sought to enforce their equity as against the land sold, appellee, prior to said proceedings, having actual notice thereof, and they having in said proceedings established their lien, were entitled to all the advantages which the rule of law and equity affords,—*qui prior est tem-*

*pore potior est jure.*    (Fisk *v.* Wilson, 15 Tex., 434; 2 Johns. Ch., (N. Y.,) 608.)

*Ballinger, Jack & Mott,* for appellees.

I. The record of a lien prior in time, on a certain parcel of ground, does not operate as notice to a subsequent mortgagee of a certain lien upon another and distinct parcel of ground.

The vendors of White conveyed to him, free of all lien, the southeast quarter of the northeast quarter of out-lot 67, acknowledging in their deed the payment of the purchase-money.

· The notes which the said White executed in payment for this property, describing the property correctly on the face of each, were not recorded, nor were they copied in the deed of trust which he also executed in favor of his vendors for the purpose of securing said notes. This deed of trust for the purchase - money embraces only, as the property to be affected by the instrument, the southeast quarter of out - lot 67, making no mention of the southeast quarter of the northeast quarter of out-lot 67, which latter lot of ground is the property in fact conveyed to White and mortgaged by White to Hurt.

The out-lots in the city of Galveston are divided into four equal quarters on the map of the city, known and described as the northeast, northwest, southeast, and southwest quarters of said out-lots, and these out-lots are bought, sold, and conveyed accordingly, by the quarter. These four quarters of the same out-lot are as different and distinct from each other as any other separate blocks in said city. Out-lot 67 is so divided and treated. ( Paschal's Dig., art. 4988; Henderson *v.* Pilgrim, 22 Tex., 464; Rawles *v.* Perkey, 50 Tex., 311; 12 Jones on Mort., 550; Wade on Law of Notice, 70, 71, 80, 81; Sanger *v.* Craigue, 10 Vt., 555; Lally *v.* Holland, 1 Swan, ( Tenn.,) 396.)

II. The plaintiffs were bound to prove notice.   Notice

to the attorney, with respect to the record, is notice to the client of the actual state of the record, but is not notice of matters not disclosed by the record.

Hurt employed E. T. Austin, Esq., attorney at law, familiar with records and land matters, to investigate the title. He made a thorough examination of the records of deeds and mortgages of the county, found nothing of record against the property, and reported the fact to his client; and thereupon Hurt made the loan upon the faith of the property. Austin confined his investigation to the particular piece of property offered by White, (the southeast quarter of the northeast quarter of out-lot 67,) not noticing or respecting the deed of trust of White on a different quarter of the same out-lot. He reported the title good and free of incumbrance. ( Martindale *v.* Price, 14 Ind., 115; Banks *v.* Ammon, 27 Penn. St., 172; Nelson *v.* Wade, 21 Iowa, 49.)

Gould, Associate Justice.—White held under an absolute deed acknowledging receipt of the consideration, and when Hurt acquired his lien there was nothing of record to give notice that the purchase-money had not in fact been paid, or that the property was incumbered by deed of trust or otherwise. The deed of trust on its face purported to convey an entirely different part of out-lot 67 from that purchased by White and afterwards mortgaged to Hurt. The registration of that trust deed was not constructive notice of an incumbrance on different property. Registration is constructive notice only of what appears on the face of the deed as registered. (Nelson *v.* Wade, 21 Iowa, 52; Lally *v.* Holland, 1 Swan, 411; Baldwin *v.* Marshall, 2 Humph., 116; Frost *v.* Beekman, 1 Johns. Ch., 299; Lessee of Jennings *v.* Wood, 20 Ohio, 266.)

It is claimed that, notwithstanding the evidence shows that neither Hurt nor his attorney had any actual knowledge of the deed of trust under which appellants claim, a proper investigation of White's title would have led them to inspect

the record of that trust deed, and that by such inspection a reasonably prudent man would have been led to inquire whether it was not intended to embrace the same property that was conveyed to White. If it had appeared that Hurt or his attorney had actual knowledge of the deed of trust, and had inspected it as recorded, then it might have been a question of fact whether they were not so put upon inquiry. But no authority has been cited supporting the presumption, in opposition to direct evidence to the contrary, that the record of the deed of trust was actually examined. Such an extension of the constructive notice arising from registration is unauthorized by anything in the statute, and is not supported by authority. (Watson *v.* Chalk, 11 Tex., 93; Peterson *v.* Lowry, 48 Tex., 411.)

As Hurt occupied the position of an innocent purchaser without notice, the court did not err in refusing to reform the deed of trust as to him, or in giving his lien the prefer-. ence. The judgment is affirmed.

AFFIRMED.