SCHOLES & GOODALL V. HUGHES & BOSWELL ET AL.

No. 6991.

1. **Mechanic's Lien—Description.**—If there is enough in the description in the filed claim to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of others, it will be sufficient under the statute for fixing mechanics' liens.

2. **Same.**—"The brick city hall building to be erected in the city of Hillsboro," held to sufficiently indicate the premises upon which it was sought to fix a mechanic's lien.

APPEAL from Hill. Tried below before Hon. J. M. Hall.
The opinion sufficiently states the case.

*Smith & Wear,* for appellants.— The petition showed that the contract had been duly filed in the records of the office of the county clerk of Hill County, Texas, according to law, which said contract contained a description of the property, describing it as "the brick city hall build-

ing in Hillsboro, Texas." The court rendered judgment against appellants in this cause on account of the incomplete description, to-wit, "the brick city hall building." This description, even if incomplete, is cured by the allegations in the petition setting forth in full a description of the lot by metes and bounds, and thus defining more accurately what is meant by "the brick city hall building." Acts 19th Leg., pp. 63, 65; Lyon & Gribble v. Logan & Mundy, 66 Texas, 57; Swope v. Stantzenberger, 59 Texas, 387; Brown v. Piper, 91 U. S., 37; 1 Greenl. on Ev., sec. 6; Gillespie v. Remington, 66 Texas, 108; Mining Co. v. Cullins, 104 U. S., 704.

*G. T. Jones* and *Carlton & McKinnon*, for appellees.— In order to fix a statutory lien the requisites of the statute must be substantially complied with in every essential particular, and no averment in an attempted foreclosure proceeding would cure a defect in the fixing of the lien. Ferguson v. Ashbell, 53 Texas, 245; Lee v. O'Brien, 54 Texas, 635; Lee & Co. v. Phelps, 54 Texas, 367; Pool v. Sanford, 52 Texas, 621; Tinsley v. Boykin, 46 Texas, 599.

HOBBY, JUDGE. — On the 17th day of September, 1887, Scholes & Goodall sued Hughes & Boswell and the city of Hillsboro in the District Court of Hill County to recover the sum of $164.65 and to foreclose a mechanic's lien to satisfy said debt.

Hughes & Boswell were the original contractors with the city, and it is alleged that they bound themselves in writing to pay appellants $1129 as per contract attached to the petition for labor and material furnished; that appellants completed their work on the 11th of February, 1887, and that the balance sued for was due. It was further alleged that they gave notice to the city of their claim, and filed as prescribed by law their contract to fix their lien, but filed no other description of the property than was contained in said contract. Exceptions were filed to the description upon the ground of its insufficiency to fix the lien, which were sustained and the cause dismissed. This is assigned as error.

The contract of appellants filed under the statute to fix their mechanic's lien contained a description of the property, which was as follows: "The brick city hall building to be erected in the city of Hillsboro." With respect to the rule as to the sufficiency of the description of the property on which the lien is claimed, it is said that "among those laid down, and probably the best rule to be adopted, is that if there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty to the exclusion of others it will be sufficient." Phill. on Mech. Liens, p. 619, sec. 379. In the authority cited will be found descriptions held to be adequate, which are as general, if not more so, than that in the case under consideration.

Tested by this rule the above description we think would "enable a party

familiar with the locality to identify the premises intended to be described," etc.   Consequently we think the court erred in sustaining the exceptions to the petition and dismissing the suit on the ground that it did not show that the contract recorded was not accompanied by a description of the house and lot on which the lien was sought to be fixed; and we are of opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted May 27, 1890.