## REAGAN HOUSTON v. JOHN MYERS.

### No. 269.

**Mechanic's Lien.**

By article 16, section 37, of the Constitution, "artisans, mechanics, and materialmen of every class shall have a lien upon the buildings and articles made or repaired by them, for the value of their labor done thereon, or the material furnished therefor." Article 3170, Revised Statutes, prescribes, that "if in a city, town, or village, it (the lien) shall extend to and include such lot or lots upon which such houses, fixtures, or improvements are situated, or upon which such labor was performed." *Held*, that under these laws a description in the contract for construction was sufficient to establish the lien, as follows: "Said building to be erected on Avenue E, just north of the United States postoffice building, in the city of San Antonio, Texas." This was sufficient to show the particular locality, and it only remained to ascertain the boundaries of the lot, for the purpose of enforcing the lien, which could be done by extraneous evidence ........................... 129

ERROR to Court of Civil Appeals for Fourth District, in an appeal from Bexar County.

*Perry J. Lewis,* for plaintiff in error.—1. The mechanic's lien did not exist at common law; it is an involuntary lien, and is purely a creature of the statute. To entitle a person to the benefit of the lien, he must show a fair and substantial compliance in every respect with the requirements and provisions of the statutes. Lee v. O'Brien, 54 Texas, 635; Tinsley v. Boykin, 46 Texas, 592–599; Gaylord v. Loughridge, 50 Texas, 573–577; Ferguson v. Ashbell, 53 Texas, 245–249; Huck v. Gaylord, 50 Texas, 578–581.

2. A mechanic's lien being an involuntary statutory lien, the description of the property sought to be incumbered, as contained in the recorded lien instrument, can not be aided, enlarged, or cured by extrinsic parol evidence, and therefore there is no error in the judgment of the court. Norris v. Hunt, 51 Texas, 610; Coker v. Roberts, 71 Texas, 597–601; Giddings v. Day, 84 Texas, 605; Pfeiffer v. Lindsay, 66 Texas, 123; Munger v. Green, 20 Ind., 38; Irwin v. City, 72 Ind., 111; Phil. Mech. Liens, pp. 385, 386.

3. The building contract filed for record by appellant for the purpose of securing a mechanic's lien does not contain any description of any lot of land, or of any improvement, and therefore no lien could be foreclosed. Sayles' Civ. Stats., art. 3167, amended by Act 21st Leg., p. 112, sec. 6; Young v. Howell, 31 Pac. Rep., 629; Kellog v. Littell, 25 Pac. Rep., 461; Munger v. Green, 20 Ind., 38; Penrose v. Calkins, 19 Pac. Rep., 641; Mfg. Co. v. Cultum, 32 Pac. Rep., 95; Wright v. Beardsley, 69 Mo., 548; Irwin v. City, 72 Ind., 111; Irwin v. City, 58 Ind., 492; 2 Jones on Liens, sec. 1422; Phil. Mech. Liens, secs. 378, 380.

*C. A. Keller* and *A. Lewey,* for defendant in error.—1. The statute in relation to mechanic's liens should be liberally construed with a view to effect the object intended, and to promote justice. Rev. Stats., sec. 3 of Final Title; De Witt v. Smith, 63 Mo., 266; Flagstaff S. M. Co. v. Cullins, 104 U. S., 176.

2. If there is enough in the description in the filed claim to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of others, it will be sufficient under the statute for fixing mechanic's liens. 1 Phil. Mech. Liens, secs. 379–382; 2 Jones on Liens, secs. 1421, 1424; Swope v. Stanzenberger, 59 Texas, 388, 389; Scholes v. Hughes, 77 Texas, 482, 483; Kezartee v. Marks (Ore.), 16 Pac. Rep., 411; De Witt v. Smith, 63 Mo., 266; Cleverly v. Mosely (Mass.), 19 N. E. Rep., 394; C. & C. P. Co. v. Norwegian, etc. (Minn.), 45 N. W. Rep., 868; Dalton v. Hoffman (Ind.), 35 N. E. Rep., 291.

BROWN, ASSOCIATE JUSTICE.—John Myers entered into a written contract with Sam Maverick for the erection of a building in San

Antonio.  The portion of the contract which is material to the decision of the question before the court is in this language: "The said party of the second part (Myers) does hereby, for himself, his heirs, executors, and administrators, covenant, promise, and agree, with and to the said party of the first part, his heirs, executors, and administrators, shall and will, for the consideration hereafter mentioned, on or before the first day of August, 1890, well and truly, as called for in the plans, etc., erect and finish the building as embodied and set forth in the general plans and specifications of the new building for the Maverick Printing House.  Said building to be erected on Avenue E, just north of the United States postoffice building, in the city of San Antonio, Texas," etc.

The building was erected at the point indicated, in conformity to and in compliance with the specifications, and the contract filed for record within the time required by law.

Sam Maverick made an assignment to Reagan Houston for the benefit of his creditors, and this suit was instituted against Maverick and the assignee to establish the debt and foreclose the mechanic's lien upon the property, described in the petition as follows:  "Beginning on the west side of Avenue E, at the end of the United States government postoffice and court house property, and running thence along Avenue E to an alley; thence back to the back yard fence of said property, upon which is located the said Maverick Printing House (also known as the Maverick Printing and Lithographing Establishment), including all the yard; thence to said government property along said fence; thence with the north line of said property to Avenue E, the place of beginning."

The court found, that the description contained in the petition is a correct description of the lot on which the building was erected, and it was admitted in the defendant's answer, that at the time of the contract Maverick was in possession of the lot.   There was found to be due to the plaintiff on said contract, $1703.47.

The case was tried before the judge below, who rendered judgment for the debt against Sam Maverick, principal and interest, amounting to $2004.03; but refused to foreclose the lien, because the description in the contract was insufficient to give a lien on the property.   The Court of Civil Appeals reversed and rendered the judgment so as to foreclose the lien on the lot as described in the petition.

The only question presented for our consideration is, does the contract describe the land or lot with sufficient certainty to fix and secure the lien under the statute, and the following provision of the Constitution: "Artisans, mechanics, and materialmen of every class shall have a lien upon the buildings and articles made or repaired by them, for the value of their labor done thereon, or the material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens."    Const., art. 16, sec. 37.

In the case of Warner Elevator Company v. Maverick, decided by this court at the present term, it was held, that the lien existed by reason of the foregoing provision of the Constitution, independent of any statutory provision. The lien of a mechanic, or materialman, like the vendor's lien, arises out of the transaction, and can not be created by contract. For instance, if parties were to enter into a contract for the building of a house upon lot A, and to secure the cost of the work and material the person having the building constructed should give a lien upon lot B, calling it a mechanic's lien, the contract would create a lien, but it would not be a mechanic's lien, and in case of contest with others, might be found to fail in securing some valuable rights that would attach under the law to a mechanic's lien.

The fact that the lien is not created by the contract nor by a compliance with the law, determines the question, that the same rules of strictness in complying with the law are not required as in those States where the right depends upon the statute for its existence.

In the case of Scholes & Goodall v. Hughes & Boswell, 77 Texas, 482, the court held the following description sufficient: "The brick city hall building to be erected in the city of Hillsboro;" and in that case the court approved the rule, that "if there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of others, it will be sufficient."

In Springer v. Keyser, 6 Wharton (Pa.), 187, the description was: "A certain two-story brick building, situated on the west side of Thirteenth street, between Vine and James streets, in the county of Philadelphia, belonging or said to belong to Charles Springer." This was held to be sufficient, although it appeared in fact that the lot was situated between Callowhill and James streets, and not between Vine and James streets, as stated in the description.

The description in the contract in Lombard v. Johnson, 76 Illinois, 599, was in these words: "I, F. H. Johnson, agree to furnish and properly put up and complete, from foundation up, a dwelling house, in the town of Waverly, on lots belonging to and for F. G. Lombard." It was shown that Lombard owned no other lots in the town, and it was held that the description was sufficient. See also Hotaling v. Cronise, 2 Cal., 60.

Article 3170, Revised Statutes, reads thus: "Lien in city or town.— If in a city, town, or village, it shall extend to and include such lot or lots upon which such houses, fixtures, or improvements are situated, or upon which labor was performed." Thus we see that the law itself designates the property upon which the lien exists; and when there is sufficient to show the particular locality, the law will apply the lien to the lot upon which the building was erected, and it only remains to ascertain the boundaries for the purpose of enforcing the lien.

In this case, the description gave the name of the building to be erected, stated the locality to be on Avenue E, just north of the gov-

ernment postoffice and court house building, and it only remained for the dimensions of the lot to be ascertained, which could, and in fact must, be done by extraneous evidence.

There is no error in the judgment of the Court of Civil Appeals, and it is therefore affirmed.

*Affirmed.*

Delivered April 1, 1895.

DENMAN, Associate Justice, did not sit in this case.