SMITH et al. v. SHAMBURGER. (No. 2485.)

(Court of Civil Appeals of Texas. Amarillo. May 13, 1925. Rehearing Denied June 10, 1925.)

1. **Mechanics' liens** ⚖️136(4)—**Record of mechanic's lien held insufficient to give constructive notice to subsequent purchasers.**

Record of mechanic's lien against "lot fourteen (14) in block two hundred sixty-three (263) of the original town of Wichita Falls," was not sufficient to give constructive notice to subsequent purchasers of "lot fourteen (14) of Canfield's subdivision of block 263," where lot 14 of original townsite was different tract than lot 14, Canfield's subdivision thereof, rule applicable to latent and patent defects not being applicable.

2. **Vendor and purchaser** ⚖️231(6)—**Records must reasonably identify land and are constructive notice only of what appears on face of instrument as registered.**

Record of instrument, to constitute constructive notice, must reasonably identify land, and is constructive notice only of what appears on face of instrument as registered.

3. **Vendor and purchaser** ⚖️231(6)—**Purchasers of realty who secured abstract not disclosing lien discharged their duty.**

Bona fide purchasers of realty without actual notice of liens are chargeable with constructive notice only when record reasonably discloses that vendor parted with title to or placed lien on specific property, and where they secured abstract which did not disclose mechanic's lien, they discharged their duty.

Error from District Court, Wichita County; H. R. Wilson, Judge.

Action by C. D. Shamburger against S. H. Smith and another. Judgment for plaintiff, and defendants bring error. Reversed and rendered.

Cox, Fulton & Dickey, of Wichita Falls, for plaintiffs in error.

Jos. H. Aynesworth, of Wichita Falls, for defendant in error.

RANDOLPH, J. This case is presented here upon an agreed statement of facts. Shamburger sold and delivered material to S. M. Jameson and wife, then the owners of the property described in the mechanic's lien herein under consideration. This mechanic's lien was executed to secure said material bill, upon "lot fourteen (14), in block two hundred sixty-three (263) of the original town of Wichita Falls, Tex." The mechanic's lien was executed on June 1, 1920, and recorded on the 20th day of July, 1920. Plaintiff, Shamburger, sued the defendants Smith and wife to foreclose such mechanic's lien upon the lot as above described, alleging that Jameson was dead, and that he left an estate that is insolvent. Plaintiff alleges the sale of the property in suit, and described in his petition, by Jameson and wife to Smith.

Smith and wife set up in their answer that they had purchased the property above described as lot 14 of Canfield's subdivision of block 263 in the city of Wichita Falls, Wichita county, Tex., from S. M. Jameson and wife, Mildred Jameson, and denied that the lien sought to be foreclosed by the plaintiff was a lien upon the property last described, and purchased by them from Jameson, "due to the manner of the description" contained in said lien; that, at the time they purchased same, they did so in good faith, and paid therefor the sum of $10,000; that they had, at the time of the acquiring of said property, and of the payment of said money, no notice, actual or constructive, of the existence of the lien alleged by plaintiff, and no notice of any fact that would have put them on inquiry, and which, if pursued, would have led to the discovery of the existence of said lien.

The parties hereto have agreed that the issue of law for this court to decide is: "Was the mechanic's lien contract recorded by the plaintiff C. D. Shamburger, sufficient to give constructive notice to S. H. Smith and Rose Smith, subsequent bona fide purchasers?"

[1] It appears from the agreed statement of facts that Smith and wife purchased "lot No. 14 of Canfield's subdivision of block No. 263" (being the same property upon which the improvements are situated) from S. M. Jameson and wife on the 9th day of January, 1922, and after the execution and filing of the mechanic's lien given to Shamburger; that they actually paid the consideration of $10,000, and were without any actual notice of such lien. No maps are presented in the record to show the location of the lots, as described in the mechanic's lien and in the deed, are the same—in other words, that they cover the same identical territory. Lot 14 in block 263, so far as the description indicates, is not lot 14 in Canfield's subdivision of said block, and the agreed statement shows that, in the year 1909, said block 263 was subdivided by H. T. Canfield, and a plat of said subdivision placed of record in the office of the county clerk of Wichita county, Tex.; that in the Canfield subdivision of said block there are 26 lots, and in the original block there are only 14 lots; that lot 14 of block 263 of the original townsite is an entirely different tract of land from lot 14 of Canfield's subdivision of such block.

It appears from this statement that Smith, at the time he was trading for lot 14 in Canfield's subdivision, procured an abstract to such lot, and that such abstract did not contain Shamburger's lien.

The trial court's conclusion that the record of the Shamburger lien was notice to Smith cannot be sustained.

[2, 3] The defendant in error cites Poitevent v. Scarborough, 103 Tex. 111, 124 S. W. 88, and Carlisle v. King, 103 Tex. 620, 133 S. W. 241, to sustain his proposition "that the court did not err in holding that the mechanic's lien given by Jameson and wife to Shamburger covered lot No. 14 of block 263, Canfield's subdivision of the original town of the city of Wichita Falls, Tex." The cases are not at all decisive of the question in this case. There is no "evident mistake" shown on the face of the mechanic's lien here involved. It purports to convey a definite piece of property. Whatever the rule may be in the matter of patent or latent defects, such rule does not apply where a question of notice is involved. The record of an instrument, to constitute constructive notice, must be such as to reasonably identify the land, and such record is constructive notice only of what appears on the face of the instrument as registered. It must be held in mind that actual notice is not involved here. It must also be remembered that there is no question of failure to inquire and of being charged with the duty of inquiry. The plaintiff in error secured an abstract, had it examined, and no lien was disclosed thereby. Not having any actual notice, they had no other duty to perform, nowhere to go. The law charging them with constructive notice puts them on such notice only when the record reasonably discloses that their vendor has parted with his title to, or has placed a prior lien on, the specific property. Wiseman v. Watters, 107 Tex. 96, 174 S. W. 815; Daugherty v. Yates, 13 Tex. Civ. App. 646, 35 S. W. 937; McLouth v. Hurt, 51 Tex. 115; Neas v. Whitener-London Realty Co., 119 Ark. 301, 178 S. W. 390, L. R. A. 1916A, 525, Ann. Cas. 1917B, 780; G., C. & S. F. Ry. Co. v. Gill, 86 Tex.

284, 24 S. W. 502; Neyland v. Texas Yellow Pine Lumber Co., 26 Tex. Civ. App. 417, 64 S. W. 696; Carter v. Hawkins, 62 Tex. 393; 39 Cyc. p. 1736.

It would be inequitable to charge the purchaser, under these conditions, with the dereliction of duty to himself on the part of Shamburger. When he accepted the lien or when he prepared and tendered it to Jameson and wife for their signatures and acknowledgment, it devolved on him to properly describe the property taken by him as security, the record showing that the platting of the subdivision had taken effect long prior to the taking of said lien.

We therefore hold that the trial court erred in his conclusion that the record of Shamburger's lien was notice to Smith and his wife, and we reverse the judgment of the trial court and here render judgment for plaintiffs in error.