TEXAS OSAGE CO–OPERATIVE ROYAL-TY POOL et al., Appellants,

v.

Van CLARK, Appellee.

No. 6770.

Court of Civil Appeals of Texas.

Amarillo.

May 19, 1958.

Rehearing Denied June 16, 1958.

House, Mercer & House, San Antonio, for appellants.

Boone & Kirby, Littlefield, for appellee.

PITTS, Chief Justice.

This appeal is from a judgment in an action of trespass to try title and for damages filed on August 24, 1956, by appellee, Van Clark, against Texas Osage Co-operative Royalty Pool, a corporation, and Flagg Oil Company of Texas, a corporation, the interest of the latter named corporation having been subsequently transferred to Flagg Oil Corporation of Delaware, which corporation together with the first named corporation became the party defendants and appellants herein. The record conclusively reveals that on October 30, 1943, Emil Zoch and wife, Lydia Zoch, owners, conveyed by warranty deed to appellee, Van B. Clark, without reservation:

"* * * all that certain lot, tract or parcel of land lying and being situated in Lamb County, Texas, and described as follows, to-wit: The Southeast Quarter (SE¼) of Section No. Forty two (42) Block 1, R. M. Thomson Original Grantee containing 167 acres of land in Lamb County, Texas."

The consideration therein shown was $8,-350, payable $3,427.37 in cash, the assumption of the payment of $2,922.63 due the Federal Land Bank and the Land Bank Commissioner, and the balance thereof in promissory notes secured by vendor's lien. The foregoing deed was recorded in Lamb County, Texas, on December 20, 1943. Thereafter on April 7, 1956, appellee, Van Clark and wife, Mattie Lou Clark, conveyed the same tract of land by warranty deed to Tip-O-Tex Realty Company but thereby reserved an undivided ½ of all the oil, gas and other minerals in or under the said land. This deed was thereafter filed for record in Lamb County, Texas, on May 16, 1956.

The record conclusively reveals that appellee went into possession of the land in question immediately after he purchased it

and made valuable improvements thereon; that in 1944 he leased it for minerals for a period of 10 years and collected the rentals for such period without anybody asserting any claims to any of the rentals; that soon after the expiration of the said mineral contract he again leased the minerals on the land but soon thereafter appellants herein began to assert claims to a part of the rentals from the minerals and caused some of the rentals to be withheld from appellee to his alleged damage, which resulted in the filing of this suit.

Appellee filed this suit for damages and to clear title to his alleged undivided ½ mineral interest so reserved by him. Appellants answered merely by a general denial and a plea of not guilty. The case was tried to the court without a jury as a result of which judgment was rendered for appellee awarding him damages in the sum of $994.-20 against both appellants jointly and severally and likewise awarding appellee title and possession to his mineral interest sued for, from which judgment appellants perfected an appeal.

Appellants challenge the trial court's judgment and resist appellee's claims by reason of a warranty deed executed on September 9, 1930 by Emil Zoch and wife, Lydia Zoch, conveying to them for a "consideration of the sum of $1.00 and other good and valuable considerations" an undivided ½ interest in and to all the oil, gas, sulphur and other minerals of whatsoever kind and nature in and under the following described land:

> "All that certain tract of land situated in Lamb County, Texas, described as the S.E. ¼ of survey No. 2, in Block No. 1, R. M. Thompson original grantee containing 165⁷⁄₁₀ acres of land and being the same tract of land conveyed by R. O. Mayes to W. L. Ellwood and Irwin Pery Ellwood individually and as executors of the estate of Isaac L. Ellwood deceased by warranty deed recorded in Vol. 31 page 587 deed records of Lamb County, Texas."

The said deed was duly recorded in Lamb County, Texas, on October 3, 1930. Hence whatever claim either of the parties may have came from Emil Zoch and Lydia Zoch, who are the common source of title.

Appellants contend that although their said deed of conveyance describes their undivided ½ mineral interest as being in and under the land described as follows: "The S.E. ¼ of Survey No. 2 in Block No. 1, R. M. Thomson original grantee," a further description was there given as "being the same tract of land conveyed by R. O. Mayes to W. L. Ellwood and Irwin Ellwood" by deed recorded in Vol. 31, page 587, Deed Records of Lamb County, Texas, and the land described in the Mayes-Ellwood deed, according to the record, is:

> "The Southeast Quarter (SE¼) of Survey No. 42, in Block 1, R. M. Thomson, original grantee, containing 165.7 acres of land, as shown by plat recorded in Vol. 17, Page 405, Lamb County Deed Records."

Appellants further contend that reference having been made to the Mayes-Ellwood deed in the latter portion of the description in their deed, which Mayes-Ellwood deed describes the land as being a part of Survey 42, Block 1, such latter portion of the description was sufficient to give appellee or any other reasonably prudent person constructive notice of appellants' claims and interest in the same land thereafter conveyed to appellee by Emil Zoch and his wife, thus making appellants the senior purchasers and giving them superior title to the mineral interest here involved. Appellee contends, and so testified without contradiction, that he had no actual knowledge of appellants' said deed or any of its contents. He further contends that appellants' said deed conveyed an undivided ½ mineral interest in "The S.E. ¼ of Survey No. 2 in Block No. 1," thus specifically describing such land as being Survey 2 and not Section 42 of Block 1, and that the general statement thereafter made in connection with the description of the land is in no way needed

to aid a specific description of the land already therein given. He likewise contends that nothing shown in appellants' said deed is sufficient to give a reasonably prudent person constructive notice that appellants were asserting any claim to any part of Section 42, Block 1, R. M. Thomson Original Grantee, and that he was an innocent purchaser of such land in good faith.

The record conclusively reveals that the deed of date October 30, 1943, under which appellee claims, conveyed the "S.E. ¼ of Sec. 42, Block 1, R. M. Thomson Original Grantee" while the prior deed of September 9, 1930, under which appellants claim, conveyed the "S.E. ¼ of Survey No. 2 in Block No. 1, R. M. Thompson Original Grantee," the principal difference being appellee's deed conveyed "Section 42" and appellants' deed conveyed "Survey 2." Appellants' deed made no mention of "Section 42" but definitely conveyed "Survey 2" and further recited "being the same tract of land conveyed by Mayes to Ellwood," which tract, according to the record, was described as being the "S.E. ¼ of Survey No. 42, in Block 1, R. M. Thomson Original Grantee."

The controlling question to be here determined is whether or not the description of the land recited in appellants' prior deed being "The S.E. ¼ of Survey 2 in Block 1 * * * and being the same tract of land conveyed by Mayes to Ellwood" was sufficient to put a reasonably prudent person exercising ordinary care on constructive notice of an adverse claim and thus cause him to search further to determine if he were bound by the fact that the Mayes-Ellwood deed actually conveyed Section 42 rather than Survey 2 of the same block and original grantee.

The record reveals that appellants, probably in support of their claims, caused to be placed of record in Lamb County, Texas, on February 16, 1955, an affidavit executed on January 27, 1955, by one B. Blackwell, secretary of appellant, Flagg Oil Corporation of Delaware, revealing appellants' claims of the mineral rights in question, but describing the said land in the same manner it was described in their deed of date September 9, 1930. However, the affiant thereto sought to show by her own statement that the grantors intended to convey to appellants "The S.E. ¼ of Survey 42 in Block 1, R. M. Thomson Original Grantee." The said affidavit was admitted in evidence for the limited purpose of showing that appellants were making an adverse claim to that made by appellee of the mineral interest here involved. The said affidavit does not constitute any evidence of probative force to the effect that grantors intended to convey to appellants any interest in Section 42 of Block 1 rather than Survey 2 of Block 1 when grantors executed the deed of date September 9, 1930, conveying Survey 2 in Block 1 to appellants. The record contains no evidence tending to show that the grantors of such deed had any such intentions when they executed the said deed.

In the case of McLouth v. Hurt, 51 Tex. 115, 120, the court said:

"Registration is constructive notice only of what appears on the face of the deed as registered."

Such rule of law was likewise observed in the case of Taylor v. Harrison, 47 Tex. 454. In the case at bar according to the rule cited there was nothing on the face of appellants' deed of date September 9, 1930, to give constructive notice.

In the case of Cullers v. Platt, 81 Tex. 258, 16 S.W. 1003, the court held that where a grantor conveys land specifically or particularly described, as was done by grantors in appellants' deed here, followed by some general remarks of description such as the same being the same tract of land shown in some other deed, as grantors did in appellants' deed here, the specific or particular description of the land first given will control. Such a principle of law was again observed in the case of Klein v. Humble Oil & Refining Co., 126 Tex. 450, 86 S.W.2d 1077–1080. A general description when given serves only to aid in iden-

tifying the land if such has not been previously specifically or particularly described, but in the case at bar the grantors specifically and particularly described the interest in land they conveyed to appellants as being "The S.E. ¼ of Survey No. 2, Block No. 1, R. M. Thomson Original Grantee," which specific and particular description controlled over any general remarks thereafter made.

The Supreme Court again proclaimed the rule in the case of Wiseman v. Watters, 107 Tex. 96, 174 S.W. 815, 816, in the following language:

"With the qualification announced in Carter v. Hawkins [62 Tex. 393] the rule is established, at least in this state and in others, that the record of instruments provided or permitted by law to be recorded operates as notice only of the facts actually exhibited by the record, and not those which might have been ascertained by such inquiries as an examination of the record might have induced a prudent man to make."

In the case of Smith v. Shamburger, Tex. Civ.App., 273 S.W. 645, 646, (writ dismissed) this Court held:

"The record of an instrument, to constitute constructive notice, must be such as to reasonably identify the land, and such record is constructive notice only of what appears on the face of the instrument as registered."

■■ It is true that every purchaser of land is charged with knowledge of all facts appearing in his chain of title which would place a reasonably prudent person on inquiry as to rights or claims of other parties in the property conveyed. Blocker v. Davis, Tex.Civ.App., 241 S.W.2d 698; Gulf Production Co. v. Continental Oil Co., 139 Tex. 183, 132 S.W.2d 553. But in the case at bar appellants' deed of conveyance of date September 9, 1930, did not appear in appellee's chain of title when he purchased the interest here involved in the land in question on October 30, 1943. The record conclusively reveals that the grantor, Emil Zoch, furnished appellee an abstract of title to the land in question in connection with the sale thereof. Both the experienced abstracter who prepared the abstract and the experienced attorney who examined the abstract and approved it, testified that appellants' deed of September 9, 1930, did not appear in the abstract of title and was not therefore shown as a part of appellee's chain of title. The abstracter, Guy Willis, testified at length about his long experience as an abstracter in Lamb County, Texas; how he carefully kept his current land tracts and transfers well indexed and that appellants' deed of September 9, 1930, was not included in the abstract of title he prepared for Emil Zoch covering the land he sold to appellee on October 30, 1943.

By reason of the fact that appellants' deed of September 9, 1930, particularly and specifically described the land conveyed as being a part of Survey No. 2 in Block 1 and made no mention of Section 42 in Block 1 and by reason of the fact that the description found in the said deed did not apparently give constructive notice to the experienced abstracter who prepared the abstract or to the experienced attorney who examined the abstract of any adverse claim, certainly the trial court was justified in presumably finding and concluding that the land description found in appellants' said deed was not sufficient to give constructive notice to a reasonably ordinary prudent person of appellants' claims here made. Consequently it is our opinion from the record presented and the authorities governing such that the trial court's presumed findings and conclusions should be sustained. Appellants cite and rely much upon the case of Texas Consolidated Oils v. Bartels, Tex.Civ.App., 270 S.W.2d 708, but in our opinion the record in that case is not analogous to the record in this case. Appellants' other authorities cited are distinguishable from the facts here and the law governing the record presented here.

The parties have raised and discussed other questions but in our opinion such matters are only incidental to the controlling question previously herein mentioned and disposed of by us. For the reasons stated appellants' points of error are all overruled and the judgment of the trial court is affirmed.