**RHEEM ACCEPTANCE CORPORATION, Appellant,**

v.

**Jack J. ROWE et ux., Appellees.**

**No. 6931.**

Court of Civil Appeals of Texas.

Amarillo.

Dec. 14, 1959.

Rehearing Denied Feb. 8, 1960.

**354**

Scurry, Scurry, Pace & Wood, Dallas, for appellant.

Renfro & Johnson, Dallas, for appellees.

CHAPMAN, Justice.

This opinion is in lieu of the opinion announced November 23, 1959.

This is a summary judgment case. Appellant, Rheem Acceptance Corporation brought suit against appellees, Jack Rowe and wife, Leona E. Rowe, and P. H. Mayfield and wife, Margaret Jean Mayfield. Appellant's motion for summary judgment was granted as to defendants Mayfield, makers of the promissory note in the original amount of $2,198.88 sued upon, but denied as to defendants Rowe. Subsequently, appellees Rowe made their motion for summary judgment which was granted. Appeal was perfected to the Court of Civil Appeals of the Fifth Supreme Judicial District at Dallas and the case was transferred to us by the Supreme Court of Texas for determination.

The Mayfields purchased the property in question on April 19, 1957. On July 15 of the same year they had installed in their home a Rheem Central Air Conditioning System and executed their mechanic's lien contract pursuant to Art. 5460, Vernon's Ann.Civ.St., which was filed for record on August 5, 1957. On May 22, 1958, appellees purchased the Mayfield homestead. Subsequently, default was made in the payment of the note secured by the above described lien. Appellant had previously obtained ownership and title to the above described

note and the lien securing it and brought this action for foreclosure of its lien.

The contract lien, after reciting that it was made by and between P. H. Mayfield and wife, Margaret Jean Mayfield of 1003 Brook Hollow, Irving, Texas, and Atlas Plumbing and Heating Company of Dallas County for installation of a No. 300 Rheem Central Air Conditioning System on the following described lot, tract and parcel of land situated in the County of Dallas, State of Texas, then described the property as follows:

"Commonly known as 1003 Brook Hollow—Legally described as BLOCK D LOT #9 Irving Meadow Brook Estate #2."

Appellees assert the proper description was:

"Lot Nineteen (19) in Block 'D' of Meadow-Brook Estates, Second Installment; an adddition to the City of Irving, Texas, according to the map thereof recorded in Vol. 25, Page 187, of the Map Records of Dallas County, Texas."

Thus, it may be seen that appellant used the description "Lot #9" where as the proper description by lot was "Lot #19."

All parties agree that the question to be determined is whether the description in the lien contract was constructive notice to the subsequent purchasers, appellees, of the lien on the property they purchased from the Mayfields.

■ A more particular description of property is not required for creating a mechanic's lien than for the conveyance of land. "In either the object and purpose is to require such a description as from it the land may be certainly found and identified." Swope v. Stantzenberger, 59 Tex. 387.

The description, "the brick city hall building to be erected in the city of Hillsboro," has been held by our Supreme Court to be a sufficient description of land to create a mechanic's lien thereon. Scholes v.

Hughes, 77 Tex. 482, 14 S.W. 148, 149. The Court said " * * * the best rule to be adopted, is, if there appear enough in the description to enable a party familiar with the locality to identify the premises intended to be described with reasonable certainty, to the exclusion of others, it will be sufficient." The same Court held sufficient the description, " * * * the Maverick Printing House. Said building to be erected on Avenue E, just north of the U. S. Post-Office Building, in city of San Antonio, Texas, * * *." Myers v. Houston, 88 Tex. 126, 30 S.W. 912. The court in that opinion cited with authority the case of Scholes v. Hughes, supra, and several other cases which gave other descriptions that did not include numbered lots and blocks. That case was a mechanic's lien made for the erection of a building and the court held the description only has to be sufficient to identify the property.

■ From the above cases we can only reason that had the description not even mentioned the lot, block and subdivision it still would have been sufficient. Then it would have shown that the contract lien was given by P. H. Mayfield and wife, Margaret Jean Mayfield of 1003 Brook Hollow, Irving, Dallas County, and that the property on which it was located was 1003 Brook Hollow, Irving. Certainly such a description would have been sufficient to enable a party familiar with the location, to identify the premises intended to be described with reasonable certainty. We may take judicial knowledge of the fact that there would not be two houses in the same city of Irving in Dallas County with the description of 1003 Brook Hollow.

It then becomes necessary for us to determine if the additional description, "legally described as Block D, Lot #9, Meadow Brook Estate," was such, taken in connection with the other description, as not to give constructive notice of the lien to subsequent purchasers from the Mayfields.

■ It has long been the law in Texas that registration is constructive notice only of what appears on the deed as registered. McLouth v. Hurt, 51 Tex. 115; Carter v. Hawkins, 62 Tex. 393; Taylor v. Harrison, 47 Tex. 454. The same principal would apply to a mechanic's lien. Smith v. Shamburger, Tex.Civ.App., 273 S.W. 645. But we must keep in mind here that we have two separate and distinct specific descriptions in the same instrument, one by a lot and block and one by street and house number. Our Supreme Court has said in Wiseman v. Watters, 107 Tex. 96, 174 S.W. 815, 816:

"The general rule that under the doctrine of constructive notice there is imputed to the subsequent purchaser or incumbrancer notice only of that which appears on the face of the recorded instrument, and that where there is a substantial discrepancy between the property intended to be conveyed or mortgaged and that described in the instrument, the record will not operate as notice, is subject to the qualification that where the description in the instrument is ambiguous, inconsistent in its parts, or correct in one particular and false in another, the record is such as to naturally excite inquiry, and under such circumstances it therefore becomes the duty of the subsequent purchaser or incumbrancer to make inquiry for the purpose of ascertaining what property was actually the subject of the instrument. This qualification of the general rule was announced in Carter v. Hawkins, 62 Tex. 393. * * There, in other words, the recorded mortgage contained upon its face two descriptions of different tracts of land. It was held that under such conditions the subsequent purchaser should not be permitted to repudiate the notice imparted by the first and appropriate the other, and thereby constitute himself an innocent purchaser, but that he was under the duty of making inquiry."

In Carter v. Hawkins, supra, the Supreme Court said: "One examining the record would therefore be in doubt—to state the

**356**

case most favorably for the purchaser—whether the mortgage embraced the one tract or the other. In such case the record would naturally excite inquiry as to which of the tracts of land the mortgage was intended to cover. In that event it becomes the duty of the purchaser to pursue the inquiry till the doubt is removed."

■ In their motion for summary judgment appellees admit they made no search of the records. Before purchasing the property we believe the exercise of that diligence of searching the records an ordinarily prudent person should have made in determining if there were outstanding obligations against the property, would have required checking the lien records involving the Mayfields. Such search of the grantor-grantee index on mechanic's liens would have shown their proposed grantors, the Mayfields, had executed the lien. Further diligence would require checking the filed instruments representing the lien, which would include the descriptions above shown. The Commission of Appeals, in an opinion adopted by the Supreme Court has said, "A purchaser of land must search the records, for they are the primary source of information as to title and he is charged with knowledge of the existence and contents of the recorded instruments affecting the title." Strong v. Strong, 128 Tex. 470, 98 S.W.2d 346, 348, 109 A.L.R. 739.

It is inconceivable that appellees would purchase a home as expensive as the one in question without looking at the property. In doing so they would have learned, and doubtless did learn, it was 1003 Brook Hollow, one of the same descriptions shown in the mechanic's lien contract. We believe under the authority of the cases just cited such instrument would at least incite inquiry as to which description the lien covered. In such event it became their duty to pursue the inquiry, which would have revealed the lien on the property they were contemplating purchasing at 1003 Brook Hollow.

In their brief appellees have relied heavily upon the case of Texas Osage Co-operative Royalty Pool v. Clark, Tex.Civ. App., 314 S.W.2d 109, from our Court written by our late lamented Chief Justice Pitts. In the first place that case is not analogous on the facts to our own. Additionally, the Supreme Court in 322 S.W.2d 506, in a per curiam opinion, has indicated they do not agree with the opinion of this court in said case.

Accordingly, we hold that appellees at the time they purchased the property in question had constructive notice of appellant's lien. The judgment of the trial court is reversed and remanded wherein it granted summary judgment for appellees.

On Motion for Rehearing.

■ Since our opinion of December 14 and appellant's motion for rehearing we have given further study to this record. As part of their motion for summary judgment appellees filed in the record a verified motion in which they asserted: "There is no genuine issue as to any material fact involved in this suit * * *" The only other place where we find they asserted there was a fact issue is in their pleading replying to appellant's Motion for Summary Judgment. There they say: "There is a disputed issue of fact in that these defendants say they are not personally liable for payment of the note upon which plaintiff's cause of action is based * * *" However, in the same sentence they say * * * "* * * and plaintiff does not allege that they were personally liable for payment of such note." It is true that plaintiff below did not allege appellees are personally liable for payment of the note in controversy, such a question was not before the trial court and does not constitute either an issue of fact or law in this case.

Rule 434, V.A.T.R. provides in part, as follows:

"When the judgment or decree of the court below shall be reversed, the court shall proceed to render such judgment or decree as the court below should have rendered, except when it

is necessary that some matter of fact be ascertained or the damage to be assessed or the matter to be decreed is uncertain, in either of which cases the cause shall be remanded for a new trial."

Believing the record does not show a necessity that some matter of fact be ascertained, the suit being merely for foreclosure without any requests for damages and the matter to be decreed not being uncertain we believe it is incumbent upon us to reverse the judgment of the trial court with instructions that appellant is entitled to foreclose its asserted lien, the judgment we believe the trial court should have rendered from the record before it. Tobin v. Garcia, Tex., 316 S.W.2d 396.

Accordingly, the judgment of the trial court is reversed and rendered that appellees at the time they purchased the property in question had constructive notice of appellant's lien, which it has the right to foreclose.