WILSON vs. HUNTER, impleaded with SMITH and others.

The general rule is that an authority to bind another by an instrument under seal must itself be created by a like instrument. But one partner may, by virtue of a parol authority from his co-partners, bind them by an instrument under seal.

A, B, and C, carried on a partnership business in a house built by them upon land the legal title to which was in A. B, with the consent of his co-partners, to secure a partnership debt, executed a mortgage on said land in the firm name of A & Co., and acknowledged the execution thereof "as his free act and deed in behalf of said firm." *Held*, that the mortgage was valid as against a party who, with actual notice of the same, took a subsequent mortgage of the same property from A.

The land which is essential to the use of a building will pass by a conveyance of the building, if it appears that such was the intention of the parties.

A mortgage described the premises conveyed as the three story brick building occupied as a store by the mortgagors, and situated on lot 1 in block 9 in a certain village. In an action to foreclose the mortgage, it appeared that said store covered not only lot 1 but also a small part of another lot. *Held*, that the mortgage conveyed all the land on which the store stood.

APPEAL from the Circuit Court for *Walworth* County. Action to foreclose a mortgage. Answer by the defend-

ant *Hunter.* Judgment for said defendant, from which the plaintiff appealed. The nature of the case will appear from the opinion of the court.

The acknowledgment by Ethan H. Smith of the execution of the mortgage to the plaintiff, stated that he "acknowledged the execution thereof to be his free act and deed, for the uses and purposes therein mentioned, on behalf of said firm."

*E. Mariner*, for appellant, cited as to the validity of the plaintiff's mortgage, 3 Coms., 144; 3 Cush., 483; 11 Pick., 400; 1 Hall, 262; 4 Met., 458, and cases there cited. 2 As to the effect of the abstract of title delivered to the respondent, as constituting actual notice of such mortgage, counsel cited *Le Neve vs. Le Neve*, 2 L. C. E., 121, and cases there cited  3. A court of equity will enforce the contract as intended by the parties, and will aid any defect in the written instrument, not only against parties thereto, but against a subsequent incumbrancer with notice. 1 Story's Eq. Jur., § 166; 2 Vernon, 609; 1 Paige, 125; 2 Desaus., 552; 1 McLean, 69; 2 B. P. C., 278; 7 Ohio, 21; 10 id., 415. 4. The description in the mortgage is apt to convey the land upon which the store is situate. 8 N. H., 465; 10 id., 305; 3 Shep., 218; 4 Shep., 63; 3 Mason, 286.

*Finches, Lynde & Miller*, for respondent:

1. To render the appellant's mortgage valid, it must appear that Ethan A. Smith had authority by an instrument under seal, to execute and acknowledge a deed for George H Smith & Co. R. S. p. 537, sec. 1; *Van Ostrand vs. Reed*, 1 Wend., 431; *Hanford vs. McNair*, 9 id., 54; *Blood vs. Goodrich*, id., 68; S. C. 12 id., 525; *Spurr vs. Trimble*, 1 A. K. Marsh., 278. The deed should then have been executed in the name of each of the members of the firm by Ethan A. as his attorney, and the acknowledgment should have shown that each of the firm acknowledged the execution thereof through Ethan A. as his attorney. 2. If the mortgage is good in equity as between the appellant and the mortgagors, yet it was not entitled to record, and such record was therefore not notice to the respondent. *Tillman vs. Cowand*, 12 Sm. & M., 262; *Commonwealth vs. Rodes*, 6 B. Mon., 171; *James vs. Morey*, 2 Cow., 246; *Lewis vs. Bard*, 3 Mc-

Lean, 56 ; *Villard vs. Roberts*, 18 Strob. Eq., 393 ; 1 McLean, 521 ; 2 Binney, 40 ; 3 id., 362 ; 5 Stewart & Porter, 215 ; 8 Conn., 548 ; 3 Cranch, 540 ; 17 Me., 418 ; 4 J. J. Marsh., 554 ; 5 Cal., 315 ; 6 id., 224.

June Term, 1861.

WILSON
v.
HUNTER et al.

December 30.

*By the Court*, PAINE, J.  In this case George H. Smith, and others were partners, owning a store on land the legal title to which was in·George H. Smith alone.  They agreed to execute a mortgage on it to the appellant, and Ethan H. Smith, one of the partners, with the assent of George H. and the others, executed the mortgage in the name of George H. Smith & Co.  He also acknowledged it.  The defendant *Hunter* subsequently took a mortgage on the same property from George H. Smith and wife.  This suit was brought to foreclose the first mortgage, and *Hunter* claims that it was invalid for the reason that the the title was in George H. Smith, and that Ethan A. had no authority to execute the mortgage in the name of George H.

We think the court below was wrong in finding that *Hunter* had no notice in fact of the existence of the mortgage to the appellant.  George H. Smith testified that he thought Mr. *Hunter* must have known of the existence of the mortgage to Mr. *Wilson* ; he thought he " wrote to him that there was such a mortgage."  And he testified positively that he sent him an abstract of the title to the land, which contained a full and specific description of the appellant's mortgage.  Now whether that mortgage was so executed as to entitle it to be recorded or not, this must be regarded as very full and complete actual notice.  It is highly probable that George H. Smith did mention expressly the existence of this mortgage, as he says he thinks he did.  But whether he did or not, the sending of the abstract showing its existence, was equivalent to a direct statement from him that there was such a mortgage and that it had been recorded. And it seems very evident from the respondent's answer, that he knew of its existence, and that he now relies not upon a want of such knowledge, but upon the alleged defective execution.

The question therefore is, whether the mortgage was valid

to bind the interest of George H. Smith in the premises conveyed. The general rule undoubtedly is, that an authority to bind another by an instrument under seal, must itself be created by a like instrument. And it was upon this rule and for the want of any such authority here, that the court below held this mortgage invalid. But an exception to this rule seems to have been established in the case of partners, and it has been held that they may give each other authority by parol, to bind each other by instruments under seal. *Cady vs. Shepherd*, 11 Pick., 400 ; *Swan vs. Stedman et al*, 4 Met., 548 ; *Smith vs. Kerr*, 3 Com., 144 ; 1 Hall, 262.

Some of these cases, it is true, relate merely to personal contracts, and not to conveyances of real estate. But if the principle be once established that a partner may give his copartner authority by parol to bind him by instruments under seal, it must extend as well to instruments affecting real estate as to others. And in *Harrison vs. Jackson*, 7 Term, 207, where the question was whether the relation of partnership gave such authority, Lord KENYON said that if the authority existed, it " would extend to the case of mortgages."

The court is inclined to adopt the doctrine of the cases above cited, though for my own part I am obliged to confess that I have assented to it with considerable reluctance. When it is once conceded, as it is universally, that an authority to bind each other under seal does not aris⌐ from the partnership relation merely, I can see no very good reason why such authority should be created in the case of partners in any different manner or with any less formalities than are requisite in other cases. On the contrary there seems much ground for believing that certainty would be best promoted by holding to a uniform rule in all cases.

But upon the doctrine of the cases referred to, this mortgage having been given in the partnership business for a partnership debt, and by the previous consent of all the parties, and the name of George H. Smith, the owner of the legal title, having been actually signed, it must be held a valid mortgage as against him, and consequently it is good against

*Hunter*, who took a subsequent mortgage with notice of its existence.

June Term, 1861.

The mortgage described the premises conveyed as "the three story brick building now occupied by them as a store," and "situated on land described as follows: lot No. one, in block number nine in the village of Whitewater." In point of fact the store not only covered lot No. one but also the west two feet of lot No. ten in that block. But there can be no doubt that the intent of the parties was to convey the store and all the land it stood upon. The land which is essential to the use of a building will pass by a conveyance of the building, if it appears that such was the intention of the parties. *Gibson vs. Brockway*, 8 N. H., 465; *Maddox vs. Goddard*, 3 Shep., 224; *Moore vs. Fletcher*, 4 id., 66; *Whitney vs. Olney*, 3 Mason, 280.

The judgment is reversed, with costs, and the cause remanded, with directions to enter judgment for the plaintiff, of foreclosure and sale to make the amount due on the mortgage.