## T. J. STUART v. C. L. BROOME.

(Case No. 4865.)

1. CERTAINTY IN STATEMENT OF ACCOUNT.— An itemized account of materials furnished in the erection of a building, consisting of brick and sand, and which was filed in the county clerk's office to fix a lien under the act of 1876, is sufficiently certain if it gives the number of brick and the dates between which they were delivered, and the number of loads of sand with like dates, with the price of the brick per thousand, and of the sand per load, without giving specific dates at which each part of the whole was delivered.

2. EVIDENCE.— Such an account, with an accompanying affidavit of its correctness, as required by statute, with the certificate of the proper officer that it was sworn to, and of its filing and registration, is admissible in evidence; the certificate of the officer being *prima facie* evidence of the facts it recites.

3. EVIDENCE.— The certificate of the clerk who recorded such an account, with accompanying affidavit, is *prima facie* evidence of the date of its filing and registration, as recited in his certificate.
4. DESCRIPTION.— See opinion for a description of property, on which it was sought to fix a lien for material used in building, held sufficiently certain.
5. MECHANIC'S LIEN.— The lien of a mechanic or material man once fixed on land, and the structure erected thereon, is not affected by the subsequent destruction of the house, under the statute conferring the lien.

ERROR from Falls. Tried below before the Hon. Jo Abbott.

Suit by C. L. Broome, alleging that in March, 1879, he contracted to sell and deliver to defendant a large quantity of brick and sand, and that he did, from April 1 to September 30, 1879, deliver the same; that they were used in the construction of a building by defendant, and that their reasonable value was $2,381.25, in which sum defendant became indebted, and that there still remained due $1,141.70. Plaintiff alleged that the debt became due on September 30, 1879, and that on January 1, 1880, he filed in the county clerk's office an itemized account of the material, with a description of the building and lots, which he averred was recorded; that he furnished a duplicate thereof to defendant, a copy of which is made an exhibit to petition; that afterwards the building was burned down so that nothing was left standing but a portion of the east wall. He prayed for judgment for his debt, and foreclosure of lien on premises. The defendant filed general and special exceptions to petition, general denial, and special answer setting up a contract with Broome to erect building; alleged payment and indebtedness over by Broome, for which he prayed judgment.

Judgment for plaintiff. The errors relied on are apparent from the opinion.

*L. C. Alexander*, for plaintiff in error, on want of certainty in account, cited Gen. Laws 15th Leg. (1876), p. 91; Ferguson *v.* Ashbell, 53 Tex., 248; Tinsley *v.* Boykin, 46 Tex., 592; Lee *v.* Phelps, 54 Tex., 367; Lee *v.* O'Brien, 54 Tex., 635; Pool *v.* Sanford, 52 Tex., 620.

On loss of lien on destruction of the house, he cited Const., art. XVI, sec. 37; Stat. 1876, p. 91, sec. 1; Coddington *v.* Dry Dock Co., 2 Vroom (N. J.), 477; Church *v.* Settlers, 26 Penn., 246; Wigginton & Brooks' Appeal, 28 Penn. (4 Casey), 161; Phil. on Mech. Liens, sec. 12.

*J. N. Wharton* and *Martin & Dickinson*, for defendant in error.

---

---

STAYTON, ASSOCIATE JUSTICE.— There are many assignments of error in this case, but only such as have been considered in brief of counsel will be noticed.

It is claimed that the account, which was sworn to and filed and recorded, was not sufficiently full, in that it did not give the particular dates when each parcel of material was delivered. The account was as follows:

### T. J. STUART, IN ACCOUNT C. L. BROOME, *Dr*.

| | |
|---|---:|
| To 365 M brick, delivered from April 1 to September 30, 1879, $6 per M... | $2,190 00 |
| To 365 loads of sand within same time, from April 1 to September 30, 1879, at 25 cents per load.... ....... ............................................ | 91 25 |
| | $2,281 25 |

And we are of the opinion that it was as full and accurate as the statute requires to give notice to the owner of the property, and to all other persons, of the extent and character of the claim for which the lien is sought.

The items constituting the account are given with certainty, and the failure to give dates of delivery of each part of the whole does not render it uncertain as to the things delivered.

It is claimed that the account, with the accompanying affidavit, certificate of the officer that it was sworn to, and of the officer as to date of filing and record of the amount and affidavit, should have been excluded, in the absence of proof that it was signed, sworn to, and delivered and recorded, made otherwise than by such facts as appeared upon the papers themselves, and the proof shown in the bill of exceptions. The affidavit which followed the account purported to be signed by the appellee, and it bore the certificate of the officer before whom the affidavit was made, that it was subscribed and sworn to on the 31st day of January, 1880, before him. The certificate of the officer was *prima facie* evidence of the facts which it recited and of which it was intended to be the evidence.

The certificate of the clerk who recorded the account, and accompanying affidavit and certificate of authentication, certifies that it was filed for record in his office on January 31, 1880, and that it was rendered on 6th of February, 1880. This certificate is *prima facie* evidence that the facts stated in it are true; otherwise it would be necessary in all such cases to prove such facts otherwise than by the certificate of the proper officer, which is required by the law for no other purpose than that it may be evidence of the facts which it recites.

The genuineness of the certificates are in no way attacked, and, as

the case is presented, were sufficient evidence of the matters to which they relate.

The bill of exceptions shows that proof was made that the debt for no part of the material was due until September 30, 1879, and this in connection with the certificate of the clerk who recorded the account and affidavit thereto, which shows that the same, after being sworn to, was recorded on the 6th of February, 1880, shows that the lien was fixed within six months after the claim was due.

The bill of exceptions also shows that proof was made that a copy of the account and affidavit attached to the petition of appellee was delivered to the appellant, and no question is raised as to whether that was done within six months after the debt became due; but if that objection were made in the absence of a statement of facts, we could not know that such proof was not made subsequent to the admission of the account and affidavit which had been recorded, to the admission of which the bill of exceptions was taken.

Whether or not, in order to fix the lien, it is necessary to deliver to the debtor a copy of the account and affidavit within six months after the debt becomes due, need not be considered. The statute declares that "when such contract or account is filed and recorded, it shall be deemed sufficient diligence to secure the lien herein provided." R. S., 3168.

The description of the property, in the absence of a statement of facts showing that there was no such place as the "southeast corner of a lot owned by John Rimassa," is rendered certain by the other description of the lots, having reference to that corner. The street upon which the lots front is given, as is the front of the lots on that street, and also their depths, with the course of the lines; and besides, the lots are said to be those on which was situated the house known as Stuart's Opera House. In a suit of trespass to try title, the description would be sufficient. Descriptions much less certain have been held sufficient. Phillips on Mechanics' Liens, 379.

The statute gives the lien upon a house constructed with material furnished, and also upon the lot or lots upon which it is constructed, and it would be a novel doctrine, under such a statute as we have, to hold that, because a part of the property upon which the lien is given may have been destroyed by fire or otherwise, that therefore the creditor loses all the evidence of his security. The statute was enacted for the protection of material, and mechanics, and they are certainly not expected to take the security which the law holds out to them, as insurers that the entire property upon which the lien is given shall continue to exist, or otherwise that

they shall lose the benefit of that part of their security which may be left, after a part has been destroyed without fault of the lien holder.

There is no error apparent in the record, and the judgment is affirmed.

AFFIRMED.

[Opinion delivered May 22, 1883.]