## G. W. GILLESPIE V. W. F. REMINGTON.

(Case No. 5703.)

1. MECHANIC'S, ETC., LIEN—STATUTES CONSTRUED—PRACTICE—Plaintiff, under a verbal contract, furnished defendant with materials with which to build a house ; a note was afterwards given for the amount Suit was brought on the note and a foreclosure of the statutory lien sought. *Held:*

(1) It was not necessary for plaintiff's petition to state the date of the original contract. The statute makes the fixing of the lien have reference to the time of maturing and not the time of making the contract.

(2) See opinion for description of lot and improvements held sufficient.

(8) The failure to deliver to the debtor within six months after the maturity of the demand tne duplicate provided for in art. 3166, R. S., did not prevent the lien.

(4) See opinion for pleading held to assert the existence of a lien.

(5) The statute does not require the registered account to be accompanied by a statement of the interest or title of the owner in the encumbered property.

APPEAL from Tarrant. Tried below before the Hon. R. E. Beckham.

On October 22, 1885, G. W. Gillespie brought suit against W. F. Remington on a debt for lumber and material furnished by plaintiff to defendant for the purpose of building a house for defendant, and to enforce the statutory lien againt the house and lot upon which it was situated. The debt and time when it was due were evidenced by a promissory note for $134.77, due on or before October 15, 1884, which note was made an exhibit to the petition. The bill of particulars was duly filed in the county clerk's office on January 7, 1885, and was also made an exhibit. The duplicate copy was not served on defendant until some time in June, 1885.

*Boykin & Finch,* for appellant

*Jas. C. Scott,* for appellee.

ROBERTSON, ASSOCIATE JUSTICE.—The defendant's general and seven special exceptions to the plaintff's petition were sustained by the court below.

The general demurrer was that the amount sued for, about $135, was not within the jurisdiction of the district court. This was correct, and the petition was properly dismissed, unless. on the face of the pleading, a valid lien was asserted on realty, and sought to be foreclosed.

The special exceptions question the sufficiency of the averments to show such lien. The first exception is that the date of the contract is not given. The date of the contract sued upon, a note for the demand, is given; but the date of the original agreement, under which the material was furnished, is not stated. We are of opinion that this date was not indispensable. The statute makes the fixing of the lien have reference to the time of maturing, and not the time of making the contract. Under the law it is wholly immaterial when the agreement was made.

The second and third exceptions are that there is no proper description of the lot and improvements sought to be charged. The premises

are described as "House No. 323, occupied by said Remington as his residence, and being on a lot or tract of land bounded on the north by the residence of Rev. J. S. Gillespie, and on the south by the residence of Henry W. Nye, and fronting on St. Louis avenue, and between Broadway and Peter Smith's street, in the city of Ft. Worth, county of Tarrant, and state aforesaid." The registered affidavit made part of the petition contains the additional descriptive statement: "* * * the said lot or tract of land being the same now occupied and enclosed by said Remington." It would be difficult to conceive of any improvement upon this description. The house is No. 323, on a lot, the location and bounds of which are distinctly stated.

The fourth exception is that the petition shows that the defendant was served with a duplicate of the bill of particulars more than six months after the maturity of the demand. The statute requires a duplicate of the bill of particulars, if the contract is not in writing, to be recorded within six months from the maturity of the debt, and that a copy shall also be served upon the defendant, without specification of the time within which this must be done. "When such contract or account is filed and recorded, it shall be deemed sufficient diligence to secure the lien herein provided." R. S , art. 3168. The failure to deliver, within six months, the duplicate "to be furnished to the party owing the debt" does not prevent the lien.

The fifth point is that neither the petition nor the exhibit asserts the lien sought to be foreclosed. The petition does not assert in terms that the plaintiff's object in complying with the terms of the statute was to secure its benefit; but in the registered affidavit he states that he "files this instrument for the purpose of having it recorded, and to fix and secure his lien," etc. In the petition he alleges the facts from which the law evolves the lien, and prays for a decree foreclosing the lien.

The sixth exception specifies no defect, and the seventh is that the bill of particulars does not allege that the defendant owned the land or improvements, or who does own them. To require the petition to show an interest in the party with whom the contract is made is the result of the construction generally placed on these statutes. Phillips on Mech. Liens, sec. 403. Our statute requires the registered account to be accompanied by a description of the encumbered property, but there is no provision for the statement of the interest or title of the debtor. The lien asserted upon the registry is upon "the hereinafter described property of W. F. Remington." Even this was unnecessary.

On the face of the petition a valid lien upon the house and lot described was fairly exhibited. None of the special exceptions were

well taken, and they and the general demurrer ought to have been overruled.

The judgment dismissing the petition was erroneous, and is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered April 20, 1886.]