POWERS LUMBER CO. v. M. N. WADE ET AL.

Delivered January 16, 1897.

**Mechanic's Lien—Description of Property in Lien Contract—Lot.**

Where a materialman's lien contract stipulated for a lien on "a two-story, frame, shingle roof storehouse on lot No. —, of block No. —," of a named town and county, this was sufficient to fix the lien also upon the lot on which the house was afterwards erected. Following Strang v. Pray, 89 Texas, 525, 35 S. W. Rep., 1054, and construing section 37, article 16, of the Constitution.

APPEAL from Kaufman.   Tried below before Hon. J. E. DILLARD.

*Wm. H. Allen,* for appellant.—1.   As between these, the original parties to the transaction, the description as contained in the contract sued on was sufficient to allow proof of such extraneous facts as would identify the premises upon which the building was actually erected. Houston v. Myers, 88 Texas, 129-130; Scholes v. Hughes, 77 Texas, 482; Swope v. Stantzenberger, 59 Texas, 388; Phillips on Mechanic's Liens (2 ed.), sec. 378 et seq.; 2 Jones on Liens, sec. 1421; Lombard v. Johnson, 76 Ill., 599; Hotaling v. Cronise, 2 Cal., 60; Montandon v. Deas, 14 Ala., 32; s. c. 48 Am. Dec., 84; Kennedy v. House, 41 Pa. St., 39; s. c. 80 Am. Dec., 594.

2.   No more certain or particular description is required in this State in a contract securing a materialman's lien, than in a deed or any other character of contract relating to land; nor does the law creating such lien contravene the principle that "that is certain which can be made certain." Swope v. Stantzenberger, 59 Texas, 388; Coburn v. Stephens, 137 Ind., 683; s. c. 45 Am. St. Rep., 218.

[No brief for appellees reached the Reporter.]

LIGHTFOOT, CHIEF JUSTICE.—Appellant's statement of the case is adopted:   This is an action of debt and foreclosure of lien brought by the appellant as plaintiff, against the appellees M. N. Wade and his wife Fannie Wade, in the District Court of Kaufman County, Texas, April 24, 1895.   The debt sued on is a note for $626.85, dated October 31, 1894, with interest at 10 per cent from date, and 10 per cent additional for attorney's fees, and credited with $219.85.

The contract sued on by appellant is set out in the original petition in hæc verba, and is as follows:

"The State of Texas, )
  "County of Hunt.    } Know all men by these presents, that we, M. N. Wade and Fannie Wade, his wife, have this day contracted with the Powers Lumber Company, of Terrell, Texas, for lumber and material to erect a two-story, frame, shingle roof store house on lot No.—— of block No.—— in the town of Quinlan, in Hunt County, Texas, an itemized bill of which is hereto attached with the name and amount and

price of the different articles therein enumerated, and said bill is marked 'Exhibit A' and made a part of this agreement; and said bill amounts in the aggregate to $626.85, for the payment of which the said M. N. Wade has given to said lumber company his note of this date for said amount, due January 1, 1895; and to secure the payment of said note, it is hereby expressly stipulated and agreed that the said lumber company is to have, and it is hereby given and granted, a material and lumberman's lien upon said building and premises above mentioned, together with all and singular the rights and appurtenances belonging thereto.                                   M. N. WADE,

"FANNIE WADE."

The contract is also attached as an exhibit to the original petition, and in the original petition appellant charges that the note sued on was given to it by the defendant M. N. Wade for lumber furnished him by appellant for the purpose of erecting a two-story, frame house in the town of Quinlan under and by virtue of said contract, and that this contract was duly acknowledged on November 21, 1894, and thereafter, on February 13, 1895, was duly recorded in the office of the county clerk of Hunt County, Texas. The petition then describes the premises as follows: "That the said premises upon which plaintiff holds said lien consists of lot No. 9 in block No. 29, of Quinlan, Hunt County, Texas; it being a lot 25 feet by 100 feet, in the town of Quinlan, Hunt County, Texas, with a two-story, frame building situated thereon, and known and designated as the 'Orchard Saloon.' "

To this original petition the defendants excepted, on the ground that "the property in plaintiff's supposed lien upon which plaintiff seeks to enforce its said supposed lien is too vague and indefinite." Which special exception was sustained by the court, and the plaintiff excepted and obtained leave to file a trial amendment. In this trial amendment plaintiff alleged that at the time of the original purchase of the lumber by the defendant for which the note and contract sued on were given, defendant did not then know, or represented at least to plaintiff that he did not know, and could not tell upon what particular lot in Quinlan, Texas, he would erect said building, but did know what character of house he desired to erect; that he represented to plaintiff that he wished to erect a two-story frame, shingle roof building, and expressly agreed at the time he would execute all needed papers and agreements in writing for the purpose of securing plaintiff with a lien upon the building so erected and upon the lot upon which it should be erected, and the note and contract lien sued on were executed and delivered to plaintiff in pursuance of and in conformity with said prior understanding and agreement. That when said contract sued on was executed, defendant lived at and was engaged in business in the town of Roberts, Texas, and did not reside in Quinlan, and had no house or building in Quinlan, and the only two-story, frame, shingle roof building (such as is described in said contract) ever owned or erected by, or held in any man-

ner by defendants in the said town of Quinlan, is the house mentioned in said contract, and fully and particularly described in plaintiff's original petition, and this said building was erected and is now situated upon lot No. 9 of block No. 29 of said town of Quinlan, Texas, and the said lot No. 9 in block No. 29 is the only lot now owned or ever at any time owned by defendants upon which there is or has ever been a two-story, frame, shingle roof building, such as is described and mentioned in plaintiff's original petition. Wherefore, plaintiff alleged that said premises, while not accurately described in the written contract sued on, can in fact be and are easily identified upon the ground, and can be pointed out and located with absolute and perfect certainty. Plaintiff further alleged and charged that the whole intent of all the parties to this suit was that plaintiff should have a lien upon the premises mentioned in plaintiff's original petition, for which plaintiff paid a good and valuable consideration to the said defendants; that the defendant M. N. Wade is wholly insolvent, and unless plaintiff can foreclose its lien upon said lot and said building, it will lose its debt; that plaintiff in the first instance would never have sold to said defendant the lumber specified in said itemized bills attached to plaintiff's original petition, but for the fact that said written contract was entered into by said parties; that defendants can not now be heard to say that this contract is invalid; that to do so would be a fraud upon plaintiff, and if, under all the facts and circumstances, it has not a materialman's lien, yet it charges that it has a good and subsisting lien by contract of the parties upon the building, independent of the statute for mechanic's lien, and said contract is binding against the said house and lot mentioned.

To this trial amendment of plaintiff defendants filed numerous exceptions, of which the following were sustained by the court:

(1) "Because no sufficient description of the property is mentioned in said pretended lien as appears in said trial amendment.

(2) "Because said amendment shows on its face that the contract declared upon was issued subsequently to the parol agreement.

(5) "That the allegations regarding a lien distinct and separate from a materialman's lien are foreign to the issues upon which the amendment was allowed.

(6) "If the last named pleading could be thus permitted, that the same would be stricken from the record for the further reason that the plaintiff has elected to rely upon its materialman's lien, and is therefore bound by said election.

(7) "The allegations therein, if permitted to remain in the record, are insufficient as to fraud and estoppel.

(8) "That the allegations as to the lien, apart from the materialman's lien, are insufficient if allowed to remain in the record, because and for the same reason that the materialman's lien is charged to be insufficient."

The court upon these exceptions found the contract sued on insufficient to give plaintiff a lien on the premises in controversy, and because

the debt sued on was less than $500, proceeded to render judgment dismissing said cause for want of jurisdiction. From this judgment plaintiff has appealed.

The first and eighth assignments of error are as follows:

1 "The court erred in sustaining the special exception of defendants to plaintiff's original petition, which exception was that the description of the property as contained in the contract sued on was too vague and indefinite.

8. "The court erred in holding that the description contained in the contract sued on was insufficient to give plaintiff a lien upon the premises in controversy, and for that reason (the debt being less than $500) dismissing the suit."

First proposition under first and eighth assignments. "As between the parties to this suit, they being the original parties to the transaction, the description as contained in the contract sued on was sufficient to allow proof of such extraneous facts as would identify the premises upon which the building was actually erected."

The lien attempted to be enforced by appellant is a creature of the Constitution, and not of statute, and, as between the parties themselves, the contract declared on was sufficient to give appellant a materialman's lien upon the saloon building and the lot upon which it was erected. Strang v. Pray, 35 S. W. Rep., 1054; Houston v. Meyers, 88 Texas, 129; Scholes v. Hughes, 77 Texas, 482; Swope v. Statzenberger, 59 Texas, 388; Owens v. Hord, 37 S. W. Rep., 1093.

In the case of Strang v. Pray, above, there was no attempt in the contract to describe the premises on which the improvement was made. Judge Brown said: "Section 37 of article 16 of the Constitution of this State is in these words: 'Mechanics, artisans and materialmen, of every class, shall have a lien upon the buildings and articles made or repaired by them, for the value of their labor done thereon, or material furnished therefor; and the legislature shall provide by law for the speedy and efficient enforcement of said liens.' It was the intention of the members of the convention which framed and adopted this section of the Constitution to give full and ample security to all mechanics, artisans and materialmen for labor performed and material furnished for the erection of all buildings and other improvements, and the courts must give such construction to this language as will carry out that intention. It is the well established rule that if one devises or conveys a house or building to another, and there be nothing in the terms of the instrument or circumstances under which it is made which shows a contrary intention, the land necessary to the use and enjoyment of the house or building, or which is so designated and set apart as to show that it was intended to be used in connection therewith, will pass by such conveyance or devise. Whitney v. Olney, 3 Mason, 280, Fed. Cas. No. 17, 595; Johnson v. Rayner, 6 Gray, 107; Wilson v. Hunter, 14 Wis., 683; Endsley v. State, 76 Ind., 467; 1 Devlin, Deeds, sec. 863. If a mortgage be given

upon buildings, and nothing in the instruments shows a contrary intent, the lien of the mortgage will attach to the land on which such buildings stand, and which are essential to its use, or such as may be so designated as to show that it was intended to be used in connection with such building. 1 Jones, Mortg., sec. 142; Greenwood v. Murdock, 9 Gray, 20. In the greater number of the States, mechanics' liens are created by statutes which usually express that the mechanic or materialman shall have a lien upon the land connected therewith. But, when such statutes have not so expressly given the lien upon the land, they have been construed by the courts to give a lien upon it the same as in conveyances or mortgage upon the buildings. Phil., Mech. Liens, sec. 199; Case of Olympic Theatre, Id., 275; Pennock v. Hoover, 5 Rawle, 314; Roby v. University, 36 Vt., 564. We conclude that a proper construction of the language of the Constitution of this State, as hereinbefore quoted, gives to mechanics, artisans and materialmen a lien upon the interest or estate that the person causing such building or improvements to be made thereon has in the land upon which they are situated, for the value of the labor performed or material furnished in the erection and construction of such buildings, to the extent that the lands are necessary to its enjoyment, or that may be designated and set apart as intended to be used and enjoyed in connection with such building or improvements. The lien does not depend upon the statute, and the Legislature has no power to affix to that lien conditions of forfeiture."

This view of the question renders it unnecessary to consider the other assignments or to determine whether there was any other character of lien created by the contract. It is sufficient that the petition shows a valid lien under the questions above considered, and the court erred in sustaining the demurrers to the petition, which on its face shows a good cause of action.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

---

CHASTINE MᴄGʀᴇɢᴏʀ ᴇᴛ ᴀʟ. ᴠ. H. S. Wʜɪᴛᴇ ᴇᴛ ᴀʟ.

Delivered January 16, 1897.

**Notice—Record of Subsequent Deed Puts Upon Inquiry as to Prior Fraud.**
A. conveyed land to C. with intent to hinder and defraud B., a creditor, who had brought suit against him, but who had not acquired any lien on the land. C. afterwards conveyed to D., who paid for the land without any knowledge of the fraud of A.; but at that time a sheriff's deed of the land to B. was of record, B. having, after the conveyance to C., obtained judgment against A. under which the land was levied on and sold to B. Held, that the record of the sheriff's deed was sufficient to have put D. on inquiry as to the fraud of A. and to subordinate his title to that of B.

APPEAL from Dallas. Tried below before Hon. EDWARD GRAY.