### BAWDEN *v.* HUNT.[1]

DEEDS—CONSTRUCTION—PROPERTY CONVEYED.

Where one, after building a house on a village lot owned by his brother, was given a deed conveying "all the house and premises situated on" the lot, describing it, together with the hereditaments and appurtenances thereunto belonging, it was properly *held* that the deed passed title to the lot as well as the house.

Error to Houghton; Haire, J. Submitted January 12, 1900. Decided March 13, 1900.

Ejectment by Frederick J. Bawden and others against Jane Hunt and others. From a judgment for defendants on verdict directed by the court, plaintiffs bring error. Affirmed.

[1] Rehearing denied October 16, 1900.

*J. F. Hambitzer,* for appellants.

*Chadbourne & Rees,* for appellees.

MONTGOMERY, C. J. This is an action of ejectment to recover lot 7, block 4, in the village of Houghton. The plaintiffs are the heirs at law of James Bawden, and the defendants claim through *mesne* conveyances from the plaintiffs' ancestor, which are conceded to have vested the title in defendant Hunt if a certain deed hereinafter referred to is to be construed as intended to convey the title to the realty as distinguished from the house. It appears that in 1858 James Bawden was the owner of the lot in question, and that he told his brother, George Bawden, that he might build on the lot, and, if he (George) should later be able to purchase the same, he (James) would sell it to him. After the house was built, James gave to George the deed in question, the granting clause and *habendum* of which read:

"Doth grant, bargain, sell, remise, release, and forever quitclaim unto the said party of the second part, and to his heirs and assigns, forever, all the house and premises situated on lot No. seven (7) of block No. four (4) in the town of Portage, as laid down in the village plat of Houghton, in the township of Portage, together with, all and singular, the hereditaments and appurtenances thereunto belonging or in any wise appertaining; and the reversion and reversions, remainder and remainders, rents, issues, and profits thereof, and all the estate, right, title, interest, claim, or demand whatsoever of the said party of the first part, either in law or equity, of, in, and to the above-bargained premises, with said hereditaments and appurtenances. To have and to hold the said house and premises to the said party of the second part, and his heirs and assigns, to the sole and only proper use, benefit, and behoof of the said party of the second part, his heirs and assigns, forever."

The plaintiffs contend that this deed conveyed only the title to the house; was really intended as an assurance, as it appears that George already owned the house. The defendants contend that, so far as the situation of the

parties throws light on the question, support is given to the construction given by the circuit judge, viz., that the deed passed title to the realty; for it is said that, the title to the house being already in George, a deed was not necessary to vest title in him.

The general rule is well established that the grant of a house *eo nomine* passes the land on which it stands, or essential to its use. 3 Washb. Real Prop. (5th Ed.) 412. The question in this case is whether the language employed is restrictive, and indicates an attempt to limit the conveyance to the house itself. In *Wilson* v. *Hunter*, 14 Wis. 683, the deed described the premises conveyed as "the three-story brick building now occupied by the grantor as a store, and situated on land described as follows: Lot No. one in block number nine in the village of Whitewater." The store covered not only lot 1, but also a small part of another lot. It was held that the title to all the land passed by the deed. In *Gibson* v. *Brockway*, 8 N. H. 465 (31 Am. Dec. 200), the conveyance was of a certain tenement, to wit, "one-half of a corn mill situated * * * in lot one," etc., with all privileges belonging thereto. It was held that the land on which the mill was situated passed. A case closely resembling the present was *Golden* v. *Coonan*, 107 Iowa, 209 (77 N. W. 852). The grantor, by the deed there in question, sold and conveyed "the following-described premises, to wit, a piece of timber on lot five, section two, . * * *. containing five acres, more or less," concluding with usual covenants as to title to said premises. The court said it was premises, and not timber, that was sold. The case is strongly in point. In this case the conveyance is of the house and premises, together with the hereditaments and appurtenances. We think it should be held that the deed was intended to convey the land as well as the house.

Judgment affirmed.

The other Justices concurred.