NO. 07-01-0086-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MAY 6, 2002

_____


BEACH EXPLORATION, INC., APPELLANT

V.

BRADFORD L. MOORE AND McGOWAN & McGOWAN, P.C., APPELLEES


_____

FROM THE 121st DISTRICT COURT OF TERRY COUNTY;

NO. 15,345; HONORABLE MARVIN MARSHALL, JUDGE

_____


Before QUINN and REAVIS and JOHNSON, JJ.

Beach Exploration, Inc. presents two issues challenging the summary judgment that it take nothing on its legal malpractice action against Bradford L. Moore and McGowan & McGowan, P.C. (Moore). By its first issue, Beach contends the trial court erred in granting Moore's motion for summary judgment on the grounds of limitations because Beach's cause of action did not accrue within two years of the filing of its lawsuit and the

discovery rule applied to toll the accrual of Beach's claim. By its second issue, Beach contends that genuine issues of material fact existed as to whether or not the negligent act of Moore proximately caused damages incurred by Beach. Based upon the rationale expressed herein, we affirm.

Beach, a company engaged in exploration for oil and gas for many years, which also maintained its own "in-house" division order staff, engaged Moore to examine title to the southeast quarter of Section One (1) Block C-38, Public School Lands Survey, Terry County, Texas, in connection with its acquisition of oil, gas, and mineral leases covering the tract. At the request of Beach, Moore examined title to the property and submitted his written title opinion dated December 10, 1986, which, as relevant here, failed to advise Beach of an undivided 75.3904% of 25% of 7/8ths working mineral interest held by Texaco Exploration and Production, Inc. Relying on the title opinion, Beach acquired oil and gas leases from parties as shown in the title opinion and drilled and completed four producing oil wells on the tract. By letter from Texaco USA dated June 1, 1988, to Beach, Texaco inquired:

> In reference to the above captioned property, Texaco's records do not reflect a copy of a division order. Please furnish this olffice with a current division order or advise purchaser of production.

In response, by its letter of June 13, 1988, Beach advised Texaco:

Pursuant to your letter dated June 1, 1988, requesting a Division Order covering Texaco's interest under the captioned, please be advised that our title opinion does not show Texaco as an interest owner.

If you can furnish proper documentation to the contract, please do so and we will promptly change our records.

Then, in 1993, by letter dated January 22, Texaco Exploration and Production Inc. again wrote Beach stating its interest and requesting that it furnish Texaco with a copy of its "payout statements" and division order title opinion. Also, the letter continued:

Please also furnish this office with your division order covering the subject lands. Texaco Exploration and Production Inc.'s interest is derived from the following sequence of events:

- Amerada Petroleum Corporation purchased a 1/4th mineral interest in the subject lands by Mineral Deed dated May 17, 1944, recorded in Volume 86, Page 58 of the Deed Records of Terry County, Texas

- Amerada Petroleum Corporation contributed this mineral interest into a joint working interest unit dated April 22, 1949, by and between Tide Water Associated Oil Company, as Operator, and Amerada Petroleum Corporation, Cities Service Oil Company, and The Texas Company, as Non-Operator, covering all of Sections 1, 2 , 8, and 9, Block C-38, PSL, Terry County, Texas, as to all depths, as long as production continues

- Texaco Exploration and Production Inc. has succeeded to all of the interest of Tide Water Associated Oil Company and The Texas Company.

By it's petition, Beach alleged that the documents supporting Texaco's interest were duly recorded in the official records of Terry County.

After the assignment of the mineral interest from Texaco to Robert E. Landreth, his attorney wrote Amerada Hess Corporation on June 12, 1996, and sent a copy to Beach advising of Landreth's acquisition of Texaco's interest and made demand for restitution and accounting. When Amerada Hess and Beach declined the demand, Landreth filed suit against Amerada Hess and Beach on December 6, 1996, which was settled by agreement dated August 24, 1998. As its part of the settlement, Beach paid $43,000 to Landreth and assigned him a one percent royalty in the tract/leasehold. Beach filed the underlying suit against Moore on September 11, 1998, which was approximately nine and one-half years after Moore issued the title opinion.

Following discovery, Moore filed his motion for summary judgment.[1] As his first ground, Moore contended:

Statute of Limitations. Beach's claim is barred by two year statute of limitations provisions for Tex. Civ. Prac. & Rem. Code, Section 16.003. **Beach's** professional negligence cause of action accrued on June 1, 1988 when it received notice of the adverse interest of Texaco (i.e., legal injury);

---

[1]Although Rule 166a of the Texas Rules of Civil Procedure does not prohibit the presentation of a combination traditional and no-evidence motion, the better practice is to file two separate motions. Kelly v. LIN Television of Texas, L.P., 27 S.W.3d 564, 569 (Tex.App.--Eastland 2000, pet. denied). Under Rule 166a(i), the motion must state the elements as to which there is no evidence. Roth v. FFP Operating Partners, 994 S.W.2d 190, 194 (Tex.App.--Amarillo 1999, pet. denied).

or, in the alternative, on January 22, 1993 when **Beach** again received notice of Texaco's adverse interest.

Also, as his second ground, Moore alleged:

Proximate Causation. The Summary Judgment evidence conclusively establishes that there is no causal relationship between **Moore's** preparation of the **Title Opinion** and any injury to **Beach**; or, in the alternative, there is no evidence to demonstrate any causal relationship between **Moore's** preparation of the **Title Opinion** and any injury Beach. . . .

Before we commence our analysis, we first set out the appropriate standard of review.

## Summary Judgment Standard of Review
## Rule 166a(c)

In reviewing a summary judgment, this Court must apply the standards established in Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985), which are:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

For a party to prevail on a motion for summary judgment, he must conclusively establish the absence of any genuine question of material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A movant must either prove all essential elements of his claim, MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986), or negate at least one essential element of the non-movant's cause of action. Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). Once the movant has established a right to summary judgment, the non-movant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex. 1979); Barbouti v. Hearst Corp., 927 S.W.2d 37, 64 (Tex.App.--Houston [1st Dist.] 1996, writ denied). Where, as here, the summary judgment does not specify or state the grounds relied on, the summary judgment will be affirmed on appeal if any of the grounds presented in the motion are meritorious. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Insurance Co. Of N. Am. v. Security Ins., 790 S.W.2d 407, 410 (Tex.App.-- Houston [1st Dist.] 1990, no writ).[2]

By its first issue, Beach contends the trial court erred in rendering judgment on the ground of limitations because its claim did not accrue within two years of the filing of its lawsuit and the discovery rule applied to toll accrual of its claim. As restated, the issue

---

[2]Because we affirm based on Moore's first ground, statement of the no-evidence standard of review is unnecessary.

6

requires us to determine whether Beach knew or in the exercise of reasonable diligence should have known of the existence of its cause of action against Moore.

The recording of Texaco's interest constituted only constructive notice to Beach of the existence of Texaco's interest. *See* Tex. Prop. Code Ann. § 13.002 (Vernon 1984); Texas Osage Co-Operative Royalty Pool v. Clark, 314 S.W.2d 109, 112 (Tex.Civ.App.--Amarillo 1958), writ ref'd n.r.e, 159 Tex. 441, 322 S.W.2d 506 (1959). However, because actual notice rests on personal information or knowledge, Madison v. Gordon, 39 S.W.3d 604, 606 (Tex. 2001), when Beach received Texaco's letter of January 22, 1993, setting out its chain of title and providing recording data, Beach was placed on actual notice of Texaco's claim, which as Beach stated in its letter of June 13, 1988, was not disclosed in the December 1986 title opinion.

In general, the discovery rule operates to toll the running of the period of limitations until the time that Beach discovered or, through the exercise of reasonable care and diligence, should have discovered the nature of its injury. Moreno v. Sterling Drug, Inc., 787 S.W.2d 348, 351 (Tex. 1990). As explained in S.V. v. R.V., 933 S.W.2d 1, 6 (Tex. 1996), the discovery rule may be based on cases involving fraud or situations where the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable; however, Beach did not allege fraud or that the nature of the injury was undiscoverable. Although Beach did not contend that an attorney-client relationship continued after Moore rendered the title opinion, Beach did assert that it did not have

7

notice of the "nature of" its claim until it settled the suit. However, accrual of a cause of action is not deferred until the resulting damages have occurred or been determined. *S.V.*, 933 S.W.2d at 4; Advent Trust Co. v. Hyder, 12 S.W.3d 534, 538 (Tex.App.--San Antonio 1999, pet. denied).

The statute of limitations begins to run when the owner of a nonparticipating royalty interest (1) learns that the defendants have received and are claiming royalty to which he is entitled, or (2) when he receives information that would lead a person of ordinary prudence to a discovery of the facts. Andretta v. West, 415 S.W.2d 638, 642 (Tex. 1967). The time when a cause of action accrues is a question of law, not fact. Holy Cross Church of God In Christ v. Wolf, 44 S.W.3d 562, 567 (Tex. 2001); *Moreno*, 787 S.W.2d at 351. Assuming that Texaco's letter of June 13, 1988, was not sufficient to put Beach on notice of the error in the title opinion, a question we need not decide, we conclude Texaco's letter of January 22, 1993, constituted sufficient notice to lead Beach to discover the facts regarding the status of the title to the minerals and the alleged negligence.

Moreover, the term "division order" is a term used in the oil and gas industry to facilitate the payment to royalty and mineral interest owners for oil and gas production and sales, and is defined in section 91.401(3) of the Texas Natural Resources Code (Vernon 2001). Also, section 91.402 requires that payment for sales be made within 60 days of the sale of the production and section 91.404(b) provides that after receipt of a demand for payment of proceeds, the payor has 30 days after receipt of the notice to pay "or to

8

respond by stating in writing a reasonable cause for nonpayment." Beach's receipt of the January 22, 1993 letter documenting Texaco's claim triggered its obligation to exercise reasonable care and diligence, and had it done so, it would have discovered the facts essential to its cause of action. Accordingly, Beach's first issue is overruled.

Our consideration of Beach's second issue is pretermitted because the summary judgment does not specify the grounds upon which it is based. *Carr*, 776 S.W.2d at 569. Tex. R. App. P. 47.1. Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.