NO. 07-09-0253-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 12, 2009

______________________________

IN RE RONNIE J. TROGLIN, JR., RELATOR
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â By petition for writ of mandamus, Ronnie J. Troglin, Jr. challenges a divorce decree
nunc pro tunc signed July 8, 2009. Troglin has filed a motion requesting voluntary
dismissal of his petition. Attached to the motion as an exhibit is an âagreed modified
divorce decreeâ signed September 14. Troglin supports his motion to dismiss with
certificates of conference stating that counsel for real party in interest Stephanie S. Troglin
and the attorney ad litem for the Troglin children do not oppose the requested relief. 
Â Â Â Â Â Â Â Â Â Â Finding the motion complies with the requirements of Rule of Appellate Procedure
42.1(a)(1) and that granting the motion will not prevent any party from seeking relief to
which it would otherwise be entitled, we dismiss Troglinâs petition for writ of mandamus. 
Â Â Â Â Â Â Â Â Â Â Having disposed of the mandamus proceeding at Troglinâs request, we will not
entertain a motion for rehearing.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â James T. Campbell
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice



in the official records of Terry County. 

 After the assignment of the mineral interest from Texaco to Robert E. Landreth, his
attorney wrote Amerada Hess Corporation on June 12, 1996, and sent a copy to Beach
advising of Landreth's acquisition of Texaco's interest and made demand for restitution
and accounting. When Amerada Hess and Beach declined the demand, Landreth filed suit
against Amerada Hess and Beach on December 6, 1996, which was settled by agreement
dated August 24, 1998. As its part of the settlement, Beach paid $43,000 to Landreth and
assigned him a one percent royalty in the tract/leasehold. Beach filed the underlying suit
against Moore on September 11, 1998, which was approximately nine and one-half years
after Moore issued the title opinion.

 Following discovery, Moore filed his motion for summary judgment. (1) As his first
ground, Moore contended: 

 Statute of Limitations. Beach's claim is barred by two year statute of
limitations provisions for Tex. Civ. Prac. & Rem. Code, Section 16.003. 
Beach's professional negligence cause of action accrued on June 1, 1988
when it received notice of the adverse interest of Texaco (i.e., legal injury);
or, in the alternative, on January 22, 1993 when Beach again received
notice of Texaco's adverse interest. 


Also, as his second ground, Moore alleged:


 Proximate Causation. The Summary Judgment evidence conclusively
establishes that there is no causal relationship between Moore's preparation
of the Title Opinion and any injury to Beach; or, in the alternative, there is
no evidence to demonstrate any causal relationship between Moore's
preparation of the Title Opinion and any injury Beach. . . .


Before we commence our analysis, we first set out the appropriate standard of review.

Summary Judgment Standard of Review


Rule 166a(c)



 In reviewing a summary judgment, this Court must apply the standards established
in Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985), which
are:

 1. The movant for summary judgment has the burden of showing that there
is no genuine issue of material fact and that it is entitled to judgment as a
matter of law.


 2. In deciding whether there is a disputed material fact issue precluding
summary judgment, evidence favorable to the non-movant will be taken as
true.


 3. Every reasonable inference must be indulged in favor of the non-movant
and any doubts resolved in its favor.

 

 For a party to prevail on a motion for summary judgment, he must conclusively
establish the absence of any genuine question of material fact and that he is entitled to
judgment as a matter of law. Tex. R. Civ. P. 166a(c). A movant must either prove all
essential elements of his claim, MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986), or
negate at least one essential element of the non-movant's cause of action. Randall's Food
Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). Once the movant has
established a right to summary judgment, the non-movant has the burden to respond to the
motion for summary judgment and present to the trial court any issues that would preclude
summary judgment. City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678
(Tex. 1979); Barbouti v. Hearst Corp., 927 S.W.2d 37, 64 (Tex.App.--Houston [1st Dist.]
1996, writ denied). Where, as here, the summary judgment does not specify or state the
grounds relied on, the summary judgment will be affirmed on appeal if any of the grounds
presented in the motion are meritorious. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex.
1989); Insurance Co. Of N. Am. v. Security Ins., 790 S.W.2d 407, 410 (Tex.App.--Houston [1st Dist.] 1990, no writ). (2)

 By its first issue, Beach contends the trial court erred in rendering judgment on the
ground of limitations because its claim did not accrue within two years of the filing of its
lawsuit and the discovery rule applied to toll accrual of its claim. As restated, the issue
requires us to determine whether Beach knew or in the exercise of reasonable diligence
should have known of the existence of its cause of action against Moore.

 The recording of Texaco's interest constituted only constructive notice to Beach of
the existence of Texaco's interest. See Tex. Prop. Code Ann. § 13.002 (Vernon 1984);
Texas Osage Co-Operative Royalty Pool v. Clark, 314 S.W.2d 109, 112 (Tex.Civ.App.-- 
Amarillo 1958), writ ref'd n.r.e, 159 Tex. 441, 322 S.W.2d 506 (1959). However, because
actual notice rests on personal information or knowledge, Madison v. Gordon, 39 S.W.3d
604, 606 (Tex. 2001), when Beach received Texaco's letter of January 22, 1993, setting
out its chain of title and providing recording data, Beach was placed on actual notice of 
Texaco's claim, which as Beach stated in its letter of June 13, 1988, was not disclosed in
the December 1986 title opinion. 

 In general, the discovery rule operates to toll the running of the period of limitations
until the time that Beach discovered or, through the exercise of reasonable care and
diligence, should have discovered the nature of its injury. Moreno v. Sterling Drug, Inc.,
787 S.W.2d 348, 351 (Tex. 1990). As explained in S.V. v. R.V., 933 S.W.2d 1, 6 (Tex.
1996), the discovery rule may be based on cases involving fraud or situations where the
nature of the injury incurred is inherently undiscoverable and the evidence of injury is
objectively verifiable; however, Beach did not allege fraud or that the nature of the injury
was undiscoverable. Although Beach did not contend that an attorney-client relationship
continued after Moore rendered the title opinion, Beach did assert that it did not have
notice of the "nature of" its claim until it settled the suit. However, accrual of a cause of
action is not deferred until the resulting damages have occurred or been determined. S.V.,
933 S.W.2d at 4; Advent Trust Co. v. Hyder, 12 S.W.3d 534, 538 (Tex.App.--San Antonio
1999, pet. denied). 

 The statute of limitations begins to run when the owner of a nonparticipating royalty
interest (1) learns that the defendants have received and are claiming royalty to which he
is entitled, or (2) when he receives information that would lead a person of ordinary
prudence to a discovery of the facts. Andretta v. West, 415 S.W.2d 638, 642 (Tex. 1967).
The time when a cause of action accrues is a question of law, not fact. Holy Cross Church
of God In Christ v. Wolf, 44 S.W.3d 562, 567 (Tex. 2001); Moreno, 787 S.W.2d at 351. 
Assuming that Texaco's letter of June 13, 1988, was not sufficient to put Beach on notice
of the error in the title opinion, a question we need not decide, we conclude Texaco's letter
of January 22, 1993, constituted sufficient notice to lead Beach to discover the facts
regarding the status of the title to the minerals and the alleged negligence.

 Moreover, the term "division order" is a term used in the oil and gas industry to
facilitate the payment to royalty and mineral interest owners for oil and gas production and
sales, and is defined in section 91.401(3) of the Texas Natural Resources Code (Vernon
2001). Also, section 91.402 requires that payment for sales be made within 60 days of the
sale of the production and section 91.404(b) provides that after receipt of a demand for
payment of proceeds, the payor has 30 days after receipt of the notice to pay "or to
respond by stating in writing a reasonable cause for nonpayment." Beach's receipt of the
January 22, 1993 letter documenting Texaco's claim triggered its obligation to exercise
reasonable care and diligence, and had it done so, it would have discovered the facts
essential to its cause of action. Accordingly, Beach's first issue is overruled. 

 Our consideration of Beach's second issue is pretermitted because the summary
judgment does not specify the grounds upon which it is based. Carr, 776 S.W.2d at 569. 
Tex. R. App. P. 47.1. Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice




Do not publish.
1. Although Rule 166a of the Texas Rules of Civil Procedure does not prohibit the
presentation of a combination traditional and no-evidence motion, the better practice is to
file two separate motions. Kelly v. LIN Television of Texas, L.P., 27 S.W.3d 564, 569
(Tex.App.--Eastland 2000, pet. denied). Under Rule 166a(i), the motion must state the
elements as to which there is no evidence. Roth v. FFP Operating Partners, 994 S.W.2d
190, 194 (Tex.App.--Amarillo 1999, pet. denied).
2. Because we affirm based on Moore's first ground, statement of the no-evidence
standard of review is unnecessary.